No. 26.—WILLIAM G. LITTLE, plaintiff in error, *vs.* BRYAN INGRAM, *et al.* defendants.

[1.] Process not issued in compliance, substantially, with the requirements of the Judiciary Act of 1799, or the Amending Act of 1840, concerning waiver of process, is null and void. Such defect vitiates the whole proceeding, and is not a mere irregularity.

[2.] Where the defendants to an action of ejectment, at or before the time when the same was returnable, went before the Clerk, to whom the same

Little *vs.* Ingram *et al.*

was returnable, and agreed to acknowledge service, and waive process, and that officer accidentally neglected to insert such waiver in the acknowledgment, indorsed by him upon the petition, and which was signed by the parties, and did not attach process thereto; and where, after verdict and writ of possession issued, an affidavit of illegality was made, on the ground of such want of process, or of waiver, and the same was returned to the Superior Court, at which a motion was made to set aside said writ of possession, because that process had not been attached to the petition, or waived : *Held,* that upon proof made to the satisfaction of the Court, that waiver of process had been accidentally omitted by the Clerk, from the acknowledgment of service, which he endorsed upon the petition, and which was signed by the defendants, that this omission might, under the direction of the Court, be supplied by amendment, *nunc pro tunc.*

[3.] Where a motion was made by the plaintiff in *fi. fa.* to continue such a case, for the purpose of procuring the testimony of one of the defendants making such waiver: *Held,* that it was error in the Court to refuse such continuance.

Motion to set aside judgment, in Crawford Superior Court. Decided by Judge POWERS, March Term, 1854.

This was a case in which an action of ejectment had been brought by the plaintiff in error, against the defendants. Pleas had been filed and a verdict had—judgment entered up and a writ of possession issued; to which, an affidavit of illegality was filed, and at the next term of the Court, a motion was made to vacate the judgment, on the ground that no process had been attached to the original declaration, nor any copy of process served on defendants: nor was there any waiver of process by defendants.

There was, on the original declaration, the following entry : " We acknowledge due and legal service of the within, and. waive the necessity of a copy and service thereof by the Sheriff. June 29, 1849.

(Signed)          N. H. SCARBOROUGH,<br>
BRYAN INGRAM,<br>
By T. H. Montfort, Atty".

The plaintiff proved by T. H. Montfort, Esq. that he signed the acknowledgment of service for Bryan Ingram, as his At-

torney: that he did not read it: that his object was to save his client costs: and that he did not think any thing about whether process was waived or not; but that his client afterwards ratified what he had done; plaintiff also proved by J. J. Ray, the Clerk who drew up the acknowledgment of service, that he had intended to insert a waiver of process, and supposed he had done so; that the omission was by mistake. Plaintiff moved to direct the Clerk to annex process *nunc pro tunc*, which was refused. He then moved to amend the acknowledgment of service, by adding a waiver of process, which was refused. He then moved to continue the cause, for the purpose of filing interrogatories for H. N. Scarborough, one of the defendants; by whom he stated, that he expected to prove that it was the intention of the parties to waive process. This, also, was refused, and the Court passed an order vacating the judgment. To which decisions and rulings of the Court, plaintiff excepted.

S. & R. P. HALL, for plaintiff in error.

HUNTER; BAILEY, for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The mischief which the 8th section of the Judiciary Act of 1799 (relating to process) seems to have been intended to remedy, was the inconvenience arising from the great multiplicity of the forms and requisites of process, for the commencement of actions at Law. Previous to the passage of that Act, the practice of the English Courts, in this respect, was of force in our State, and not a little trouble and difficulty must sometimes have been found, in selecting the process suitable to the action to be brought. It was undoubtedly to obviate this serious inconvenience, that the Legislature prescribed, not a precise form, but certain requisites which should be found in every process. And more effectually to remedy the great evil which they had in view, and ensure compliance with the terms imposed, they adopted a stringent provision, that "all process issued and returned in any other manner," should be "null and void".

They thus endeavored to take surety that the Act should be what was intended—a uniformity of Process Act.

We can readily conceive, that in view of these things, Courts giving contemporaneous construction to this Act, should have felt it their duty, in good faith, to enforce it in the spirit of its enactment, and should have held, that if a defendant was brought into Court by a simple service though he waived process in writing, or if he appeared and pleaded without process, and not objecting, that still he was brought into Court, by a proceeding issuing forth, *in a manner other* than that prescribed by the Statute, that this was therefore wholly void. Such seems to have been the contemporaneous exposition of this Statute, in the three oldest Judicial Districts of this State; and as a general rule, perhaps, it has continued to be the construction in all parts of our State.

It seems to have been sometimes decided, that if the defendant expressly waived process, the same need not be attached; but this does not appear to have been well settled, until the Act of 1840 was passed.

The provision in the 9th section of the Act, of '99, to the effect, that "no answer, return, process, judgment, or other proceeding, in any civil cause, shall be abated, arrested, reversed or quashed for any defect in matter of form, &c., but the Court, on motion, shall cause the same to be amended at the first term" &c., does not disturb the view we have taken.

That clearly refers to such mistakes, in form, or clerical errors in the process, as might be made, when there was a compliance with the chief and substantial requisites of the Statute. The two provisions are accordingly in harmony.

This reasoning brings us to a conclusion, that a process, substantially complying with the requisites of the Act of 1799, or a distinct waiver of such process by the defendant, is a necessary condition precedent, to an action at Common Law; that the absence thereof is a fatal defect, which vitiates the whole proceeding—is not a mere irregularity, and cannot be dispensed with by acknowledgment of service or appearance and pleading. And this reasoning satisfies us, too, that the decis-

ion of this Court, upon this point, in the case of *Beall vs. Blake*, (13 *Ga. R.* 267,) was correct, and is sustained by most of the cases there cited.

[2.] Whatever may have been the views previously entertained by our Courts, the Act of 1840 has settled the law, that a defendant may waive process; and that after he has done so, the cause is rightly in Court.

In the case before us, the plaintiff in error contends that sufficient proof was made before the Court below, of the waiver of process, in compliance with the Act of 1840; and that it was by the accidental omission of the Clerk, that such waiver does not appear in connection with the petition; that consequently, the record might have been amended, at any stage of the proceeding; and that the amendment which was moved, should have been allowed.

It is true, that Courts may cure the accidental errors or omissions of their officers, and direct amendment of their records accordingly. This is a familiar and well settled rule. And we have no doubt that if there were a waiver of process, in this case, made before the Clerk, at the time service was acknowledged, and that Clerk was authorized to insert the same in the acknowledgment of service upon the petition, and accidentally neglected or omitted so to do, that this is such an error or mistake in this record, as may be amended after verdict. In such event, the proceeding would not have been defective *ab initio*, inasmuch as a waiver of process had been given and the defendant had come into Court, or had been brought into Court, in conformity with the requirements of our Statute Law.

Whether the testimony, to this point, which was before the Court below, sufficiently proved such waiver, we do not deem it necessary to decide, as there was another point on which we prefer to dispose of the case.

[3.] A motion to continue was made by the plaintiff in error, in order that the testimony of Henry N. Scarborough might be procured.

According to the case as made by the record, that witness would have sworn, that as one of the original defendants to

the case, he intended, when acknowledging service, to waive process. This testimony, in connection with that of Montford and Ray, bears immediately upon the question of proof, as to waiver of process by those who were the original defendants to the bill, and should have been heard by the Court; and we think that the Court erred in not allowing a continuance, in order that it might have been procured.

The motion to continue seems to have been presented at an advanced stage of the case ; but no objection, on this account, appears to have been taken, and no point is made before us, on this ground.

If, upon hearing this testimony, the Court should become satisfied that the process was waived by the defendants, at the time service was acknowledged, and that it was by the accidental omission of the Clerk, that such waiver had not been inserted in the acknowledgment of service which was indorsed on the petition, we think that the principles of substantial justice require that he should direct an amendment to be made accordingly, *nunc pro tunc.*

It has been supposed that what fell from this Court in the concluding paragraph of the decision in the case of *Beall vs. Blake,* (13 *Ga.* 217,) is opposed to what we have just suggested as the proper disposition of this case. But the judgment in that case, as in all other, should be construed in the light of the circumstances. The Court decided there that a motion to amend and attach process, made after application to vacate the judgment, came too late. *Ca. sa.* had issued—the defendant has been arrested—was in custody—moved to vacate the judgment—and the Court, with direct reference to this state of facts, says, "the attempt, at this late day, to resort to original proof to supply the defect in the proceedings, so as to retain the defendant in custody, under the execution upon which he had been already arrested, cannot be sanctioned".

No such difficulty exists in the case now before us ; and the cases do not, therefore, conflict.

Judgment reversed.