WRIGHT, BULL & Co., plaintiffs in error, vs. ADDISON E. G. HARRIS and JOHN SAPP, executors of MORGAN CHASTAIN, deceased, defendant in error.

Where suit is brought against two defendants, one of whom only is served, and judgment is confessed by an attorney, ¦and entered up by the plaintiff against the *defendants*, (plural,) instead of the defendant, it is competent to show upon a *scire facias*, to reverse the judgment against the executors of the party served, that the attorney making the confession, had no authority to represent the party not served.

A judgment against one of two partners, may be revived against the executors of the party against whom the judgment was rendered, and the plaintiff is not driven to pursue his remedy against the surviving partner.

The facts of this case are fully stated in the opinion of the Court.

HINES & HOBBS, for plaintiff in error.

SLAUGHTER & ELY, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Suit was brought in 1840, in Baker county, in favor of Wright, Bull & Co., against the firm of Harvey & Chastain, on a partnership note of the defendants. Both defendants were alleged to be residing in Baker county. Chastain one of the defendants was served personally. There was no return as to Harvey. It is now admitted in writing on the record before us, that Harvey did not at that time live in Baker county when the case was called at the docketing Term. Mr. Strozier, an attorney at law, answered to the case. No plea was filed. Mr. Strozier subsequently confessed judgment for the *defendants,* (plural;) and judgment was signed up against the *defendants* (plural again.) Execution issued a few days thereafter against Chastain alone; and a return of *nulla bona* made thereon. And the case has thus stood until 1857, when a *scire facias* was sued out against the executors alone, of Chastain, to revive the dormant judgment, he having in the meantime died.

Three objections are made to this proceeding:

1st. Because the judgment was joint against the defendants testator, and John P. Harvey, when it appeared by the record, that Harvey was never served.

2d. Because the judgment being joint, the plaintiffs cannot revive it against one; and that Harvey ought to be made a party.

3d. Because being a joint judgment on a partnership debt, it cannot be reversed against the defendants, as the representatives of their testator, Chastain, he being dead, and John P. Harvey being still in life; he alone is liable as survivor.

Upon argument, the *scire facias* was dismissed by the Court.

Was the judgment in this case joint? The objections urged against its renewal, assume that it was. Still the first objection asserts what is true, that it appears from the record,

that Harvey was not served. Well, this may be true, and still the judgment be joint. If Mr. Strozier had authority to represent Harvey in the case, and actually did represent him, in that event, the judgment is joint; for want of service may be waived by appearance and answering to the action. This case then, turns upon the fact, as to the authority of Mr. Strozier to represent Harvey. If he had authority, we repeat, the judgment is joint, and the *scire facias* was properly dismissed.

. Harvey not living in the county, and not being actually served, if he did not defend by counsel, the judgment is void as to him, but valid, under the Act of 1820, against Chastain individually, and against the partnership property of Harvey and Chastain. And under that act, the plaintiffs are entitled to have the judgment revived against the executors of Chastain, and are not driven by the rule of the common law to pursue their remedy against the surviving copartner. And if Mr. Strozier had no authority to represent Harvey, the judgment is single, and it is too late for Chastain's executors after the lapse of seventeen years, to object that no return was made by the Sheriff as to Harvey. (*Raney vs. McRae*, 14 *Ga. Rep.* 589.)

If we affirm the judgment of the Circuit Court and send this case back to be prosecuted against both defendants, upon the assumption, that the original judgment was joint, it is almost certain, that it will be defeated by proof from Harvey, that Mr. Strozier did not represent him; and that the appearance and confession for defendants, was a mere *lapsus pennæ*. The fact that execution issued against Chastain alone, shows the understanding of the plaintiffs at the time, that the judgment was against Chastain alone.

Instead then of remitting this cause to occupy the Courts through a series of years of bootless litigation, ever and anon re-appearing in this Court, as too many cases do, to the great and growing distaste of the country, we think it better to

give the plaintiff the privilege of proving by Mr. Strozier what we might well in my opinion assume from the record to be true, that his confession of judgment for the defendants, instead of the defendant, was accidental, and not intended to bind Harvey. This being so, the plaintiffs are entitled to revive their judgment against the defendant originally served, and to make their money, if they can, out of the estate of Chastain, as well as out of the firm effects, if any can be found.

Judgment reversed, with directions.