JAMES M. DAVANT *et al.*, executors, plaintiffs in error, *vs.* RICHARD G. CARLTON, defendant in error.

| 57 | 489 |
| 114 | 459 |
| 57 | 489 |
| 117 | 862 |
| 117 | 864 |

1. It is error for the court, in its charge, to express any opinion as to what evidence is the most credible.

2. A sheriff's entry of service is conclusive until traversed and found untrue by the jury.

3. So likewise is a confession of judgment by the attorney of record.

Practice in the Superior Court. Sheriffs. Attorney and client. Judgments. Evidence. Before Judge GIBSON. Greene Superior Court. September Adjourned Term, 1875.

Reported in the decision.

REESE & REESE, for plaintiffs in error.

M. W. LEWIS & SON; PHILIP B. ROBINSON, for defendant.

WARNER, Chief Justice.

This was a motion to set aside a judgment obtained in Greene superior court in September, 1866, on the ground that the defendant was never served with a copy of the writ and process in the case in which the judgment was rendered, nor did he waive a copy of the same, nor appear and plead to the action on which the judgment was founded; and also, on the ground that the judgment was rendered against him without the verdict of a jury, and without any confession of judgment by him, or by any one authorized to confess judgment for him. On the trial of the case the jury, under the charge of court, found a verdict in favor of the movant, setting the judgment aside; whereupon the plaintiffs in the judgment made a motion for a new trial, on the various grounds therein set forth, which was overruled by the court, and the plaintiffs excepted.

1. It appears from the 'evidence in the record that the defendant was personally served with a copy of the writ by the sheriff of Greene county, on the 22d day of February, 1866, as shown by the sheriff's return thereon. The following confession of judgment also appears on the declaration:

"We confess judgment to the plaintiffs for the sum of two thousand and twenty dollars, principal, nine hundred and fifty-four dollars and fifty-nine cents, interest, and costs of suit.  P. B. & T. W. ROBINSON,
"*Defendant's Att'ys.*

The bench docket of Greene superior court was offered in evidence, from which it appeared that the names of the law firm of P. B. & T. W. Robinson were entered thereon opposite the names of defendants, in the hand-writing of P. B. Robinson, one of the firm; that the word "answer" was writ-

ten opposite the case, and also the word "confession," in the hand-writing of the then presiding judge. It also appears from the evidence, that the confession of judgment on the declaration was in the hand-writing of T. W. Robinson, and that he is now dead. The motion to set aside the judgment, was made by the defendant in March, 1874. The defendant, who was sworn as a witness in his own favor, stated that he had no knowledge of said suit or of the judgment, until the month of May, 1873. Jones, a witness for the plaintiffs, stated that the defendant frequently spoke to him about the suit and judgment, in the fall of 1866, or early part of 1867. Durham testified that in 1868 or 1869, defendant wanted to know of him how he managed to get judgments older than the Davant judgment, as the Davant suit was brought first. The court charged the jury, amongst other things, that if an attorney at law confesses judgment upon the record, he being an officer of court, the presumption of the law is that he had authority to do so, and it requires the strongest testimony to rebut this presumption; "that the evidence of associate counsel, and the party, would be the strongest evidence attainable as to said authority, unless written evidence could be procured." This latter part of the charge was error, because it was an expression of opinion by the court as to what portion of the evidence before the jury was entitled to the most weight and credit, and a new trial should have been granted on that ground.

2. The new trial should also have been granted on the ground that the verdict was contrary to law. When the record of the suit was offered in evidence, with the entry thereon by the sheriff that he had personally served the defendant with a copy thereof, that return of the sheriff was conclusive as to the fact of service until that return of the sheriff had been traversed and found to have been false by the verdict of a jury, which was not done in this case: See *Maund vs. Keating,* 55 *Georgia Reports,* 396; *Lamb vs. Dozier, Ibid.,* 677.

3. So in regard to the confession of judgment by the attor-

neys of record for the defendant; that confession will be considered as conclusive, especially when the attorney who made it is dead, unless that act of the attorney, as an officer of the court, shall be traversed and found by the verdict of a jury, on the trial of that separate and distinct issue, upon the strongest and most satisfactory evidence, that the attorney had no authority whatever from the defendant to have made it: *Dobbins vs. Dupree*, 36 *Georgia Reports*, 108. And this traverse of the act of the attorney should be made by the defendant at the earliest opportunity after notice of the judgment against him. The record of this case furnishes a striking illustration of the temptation which the evidence act of 1866 holds out to parties, by their own testimony, to vacate and set aside the recorded judgments of the courts of the state whenever it is their interest to do so. "Lead us not into temptation" would seem to be as applicable to legislative enactments, in a moral point of view, as to individual conduct.

Let the judgment of the court below be reversed.