McBRIDE *vs.* BRYAN *et al.*

1. The verdict in this case, finding the property levied on not subject, is supported by the evidence showing no service of process on the defendant against whom the *fi. fa.* was proceeding, and no waiver thereof.

(*a.*) A confession of judgment by an attorney for the " defendants," includes only such persons as have been made defendants by service, in the absence of any specific mention of others.

2. While an attorney cannot be heard as a witness to invalidate a confession of judgment entered by him, yet he is a competent witness

to explain such confession, where it is uncertain as to who were embraced therein.

3. While a confession of judgment by the attorney of record for the defendant cannot be collaterally attacked, but must be traversed and proved unauthorized, yet a judgment may be attacked anywhere as void for want of service or waiver thereof.

4. The minutes of the old inferior court cannot be amended by the superior court.

Judgments. Service. Attorney and Client. Evidence. Waiver. Nullities. Before Judge SNEAD. Washington Superior Court. March Term, 1881.

To the report contained in the decision it is only necessary to add the following confession of judgment, which appeared upon the minutes of the inferior court:

"We confess judgment to the plaintiff in the sum of six hundred and thirty-seven dollars principal, with costs of suit, reserving the right of appeal. LANGMADE & EVANS,
*Defendants' Attorneys.*"

E. S. LANGMADE; JAMES K. HINES, for plaintiff in error.

H. D. D. TWIGGS; M. CUMMING, for defendants.

JACKSON, Chief Justice.

Certain real estate was levied on as the property of William Smith by virtue of a *fi. fa.* in favor of the plaintiff in error, against certain defendants as principal and said Smith, indorser. The jury found it not subject, and on the refusal of the court to grant a new trial on the grounds alleged in the motion therefor, error is assigned here.

1. The controlling question in the case is this: Is the judgment on which the *fi. fa.* was issued void for want of service on Smith, the indorser, under the facts disclosed in the record?

There is no return of service on the papers anywhere,

by the sheriff or anybody else, and there is no confession of service by the indorser, Smith, or anybody for him. The sheriff swore that he did serve, personally, the other two defendants, but there is no proof at all that the indorser was served. There is some evidence that Langmade & Evans, attorneys at law, were empowered generally to acknowledge service for Smith, but not in this particular case ; and it does not appear on the papers that they did so and there is no proof *aliunde* that they did so or intended to do so.

It does appear that they confessed judgment for the defendants, but of course the defendants were only the parties who were served, and they were the principals, and not Smith, the indorser. Service may be acknowledged, but it must be in writing and signed by the defendant or some one authorized by him. Code, §3337. On these papers there is no acknowledgement in writing, nor any signature to anything of the sort by the defendant, or any other person for him, with or without authority from him.

Appearance and pleading will waive service : Code, §3335 ; and by analogy a confession of judgment would waive it; because the object of service is to bring the defendant into court, and thus give him opportunity to defend But there is no confession on this record by this defendant in person, and the member of the firm of attorneys who wrote the confession and signed the firm name to it swore on the stand that he confessed only for the other two defendants who were served, and not for this indorser, who was not. Moreover, his testimony is corroborated by the fact that the confession, as it appears on the minutes, is in point of fact only for the other two ; and further corroborated by the fact that the same attorney, years before, bought every other judgment against Smith, and declined to buy this judgment or execution, because it was void for want of service, as he then said, and for lack of confession. Those he did buy amounted to $25,000.00 on

McBride *vs.* Bryan *et al.*

their face, and this he could have bought then for a trifle. He is the son-in-law of Smith. The verdict, therefore, that there was no confession of judgment for Smith, is sustained by sufficient evidence; and there is no complaint that the issue on that subject was not fairly submitted in the charge of the court. If no illegal testimony was admitted on this issue, the case is thereby concluded; because in the absence of service on Smith and confession of judgment by him, the execution, as to him, is a nullity and the property is not subject to it.

2. It is therefore insisted that Evans was not a competent witness to testify against the validity of the confession, because he wrote it and signed the firm name to it. He would certainly be incompetent to invalidate it from reasons of great public policy, because he committed a crime as a lawyer and did not demean himself uprightly if he made a confession of judgment without authority. 59 *Ga.*, 327-8. But he was not called to invalidate the confession, but only to explain it, to testify as to whom it embraced; and he is competent for that purpose. And the minutes of the court show that his explanation is the truth.

3. It is further objected that the confession cannot be collaterally attacked under the ruling in 57 *Ga.*, 489; but the reply is that it is not attacked, it being only a confession as to the defendants served, for those served only are defendants. The court had no jurisdiction over any others. Moreover, in the 57th, the party was served, and in that case the judgment confessed by his attorney for him could not be collaterally attacked, but must be assailed on a separate issue and the attorney made a party to such issue. But any judgment of any sort by counsel or by court may be attacked anywhere and everywhere if it be void for want of service and of jurisdiction, which depends on service, as to the person. Code, §§3594, 3828; 24 *Ga.*, 415; 40 *Ib.*, 302.

4. The minutes of the inferior court, of course, could

v 67—38

not be amended by the superior court on the trial of the claim case. They were properly admitted as evidence as they stood.

Without regard, therefore, to claimant's title, whether fraudulent or sound, as the jury found on sufficient legal evidence that there was no confession of judgment by Smith on which to base the judgment and execution against him, none of the property can be subjected to pay his debts, and it is unnecessary to consider claimant's title. On the issue of confession of judgment or no confession, the testimony was conflicting to some extent, but the court below was right in upholding the verdict as, when taken in connection with the record and all the written proofs, it is supported by proof as clear and controlling, and morally certain, as could be expected after such lapse of time.

Cited for plaintiff in error: 59 *Ga.*, 327 ; 64 *Ib.*, 662 ; 28 *Ib.*, 494 ; 57 *Ib.*, 489 ; 55 *Ib.*, 677 ; 53 *Ib.*, 491 ; 42 *Ib.*, 168 ; 56 *Ib.*, 174 ; 44 *Ib.*, 620 ; 36 *Ib.*, 108 ; 51 *Ib.*, 491 ; Code, §§397, 412, 3340 ; Freeman on Judg., 128 ; Weeks on Att'ys at Law, 203 ; 42 N. Y., 26 ; 34 Mo., 175 ; 2 Hill, 64 ; 3 Ed. Chan., 174 ; 9 Paige, 490 ; 30 Cal., 439.

For defendant : 24 *Ga.*, 415 ; 40 *Ib.*, 302 ; 52 *Ib.*, 585 ; 40 *Ib.*, 56.

Judgment affirmed.