### HENDRIX, administrator, *vs.* CAWTHORN.

1. A judgment *in personam* may be rendered against a defendant in attachment, although the attachment itself may be dismissed, when service is had or notice given, under section 3309 of the Code.
2. An acknowledgment of service by the defendant's attorney is sufficient to authorize a judgment *in personam* against the defendant in attachment. The attorney is authorized to acknowledge service, unless the contrary appears by competent proof.
(a.) Where the record showed an acknowledgment of service in an attachment case by one as attorney for the defendant, and a waiver of all further notice and service; and subsequently, upon a suggestion of the death of defendant, the same attorney who acknowledged service, having taken out letters of administration, was made a party by consent, and judgment was rendered against him as administrator, a motion in arrest of judgment was properly overruled.

February 9, 1884.

Attachment. Service. Attorney and Client. Judgments. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

J. F. Cawthorn sued out an attachment against Mary C. Armstrong as a non-resident of the state. The declaration in attachment was filed, and service was acknowledged by "J. C. Hendrix, attorney at law for Mrs. Mary C. Armstrong." Subsequently, the death of the defendant was suggested, and still later Hendrix, as her administrator, was made a party by consent. The attachment was dismissed, on motion, as being fatally defective, but the court rendered a general judgment on the declaration. During the term, the defendant made a motion in arrest of judg-

ment, on the grounds that the dismissal of the attachment terminated the. case, and the court was not authorized to render a general judgment based on the declaration in attachment; that the court had no jurisdiction of the person of the defendant; that the acknowledgment of service was not good, that Hendrix was not authorized and did not intend to waive jurisdiction; that Mary C. Armstrong was dead when the acknowledgment of service was made; that Hendrix consented to be made a party merely to speed the cause, and not with any intention to waive jurisdiction. The motion was overruled, and defendant excepted.

GEO. S. THOMAS, for plaintiff in error.

SPEAIRS & SIMMONS, for defendant.

JACKSON, Chief Justice.

Two questions are made by this record: First, can a judgment *in personam* be rendered against a defendant in attachment, though the attachment itself be dismissed, when service is had or notice given, under section 3309 of the Code; and secondly, is service or acknowledgment of service by the defendant's attorney sufficient notice to authorize such a udgment?

Both questions are answered by the case of *Buice vs. The Lowman Gold and Mining Company*, 64 *Ga.*, 769, in the affirmative. That case decides that either the replevy of personalty or the acknowledgment of service by the attorney at law " gave the attaching creditor the right to a general judgment," and that " the attachment may fall, and yet the action proceed, if notice has been given, or even property replevied;" citing Code, sections 3309, 3319, 3328, and 44 *Ga.*, 454. Indeed, the first section of our Code cited, section 3309, itself concludes the point that the general judgment may be rendered where notice is given, though the attachment may have fallen. Its language is: " No declaration shall be dismissed because the

attachment may have been dismissed or discontinued, but the plaintiff shall be entitled to judgment on the declaration filed, as in other cases at common law, upon the merits of the case."

And section 3337 of the Code is equally as explicit, that " the defendant may acknowledge service or waive process, provided the same be in writing, signed by the defendant or some one authorized by him." The attorney is authorized, unless the contrary appears by competent proof. .36 *Ga.*, 108; 39 *Ib.*, 394; 64 *Ib.*, 769.

But, as if to clinch this case beyond doubt or cavil, the attorney took out letters of administration on the estate of the defendant, and was made a party in the case by his own consent, and the personal or general judgment was rendered against him as such administrator; so that the defendant who moved to arrest the judgment was the identical person who " acknowledged due and legal service on the declaration, and waived all further notice, copy, service and process."

Surely he cannot say in arrest of judgment that he had none. The court below could not do otherwise than deny the motion to arrest the judgment.

Judgment affirmed.