## McCALLA *v.* NICHOLS.

A proceeding to foreclose an attorney's lien upon real property is to be brought as is a proceeding to foreclose a mortgage upon property of like kind; and hence the venue of such a proceeding is the county wherein the land lies.

Argued June 12, — Decided July 9, 1897.

Affidavit of illegality. Before Judge Candler. Rockdale superior court. October term, 1896.

*A. C. McCalla*, for plaintiff.

*C. H. Brand* and *J. R. Irwin*, for defendant.

LITTLE, J. The record in this case presents for our deter- mination a single question; that is, whether a foreclosure of an attorney's lien on land is to be had in the county where the land lies, or in the county of the defendant's residence, when the land is in a different county from the residence. The

question is one of some difficulty, and I am not entirely satisfied as to the absolute correctness of the conclusion reached. The case was in this court put altogether on the statute, which in some measure relieves us of a difficulty which might arise if we were called on to decide the character of the proceeding, thereby involving the constitutionality of that part of the act of 1873, which points out.the method of such foreclosures.

The plaintiff in error, who is an attorney at law, foreclosed, in the superior court of Rockdale county, his lien for fees upon certain land lying in that county; an affidavit of illegality to the execution issuing on such foreclosure was interposed by the defendant in error, on the sole ground that at the time the proceedings were instituted he was a resident of Gwinnett county. As nothing to the contrary appears, we are bound to presume that the proceedings for foreclosure were regular and notice given and service made as required by law; and with this we come to the consideration of the question involved.

There are a number of our statutes which give liens to attorneys for their fees, which seem to include by express enactment all those which arose at common law. To some of these we will call attention. Section 2824 of the Civil Code gives a lien to attorneys on proceeds of property condemned in claim cases. Section 4724 provides for expenses of moving creditor in distribution of money raised by garnishment; while section 2414, in a general and comprehensive way, provides and regulates the liens of attorneys at law, which has been considered by this court in the case of *Haygood* v. *Dannenberg Co.*, ante, 24. Paragraph 3 of section 2814, Civil Code, under which, as we understand it, this proceeding was brought, prescribes that the liens referred to in that paragraph "may be enforced by said attorneys at law, or their lawful representatives, as liens on personal and real estate, by mortgage and foreclosure." This provision was codified from the act of 1873, and that portion of the act from which it is taken is even more clear than the provision itself. The act declares: "Said attorneys at law or their lawful representatives may enforce their liens as liens on personal and real estate by mortgage and foreclosure." The clear and evident meaning of this provision is, that the class of liens

referred to, in which the one in the present case is included, may be enforced by foreclosure as mortgages are foreclosed; and this has been done in the present case. Mortgages on real estate are to be foreclosed in the county wherein the mortgaged property may be. Civil Code, § 2743.

It is urged by the defendant in error, that it is provided by section 2815 of the Civil Code that liens on real property provided for in this chapter, and which are not mortgages, shall be foreclosed as therein pointed out. This is true, and also true that the method therein pointed out for enforcement of such liens is by suit (paragraph 1). But this section of the code in terms refers to liens which are not mortgages and when the method of foreclosure *is not otherwise* provided. As we have seen, a method of foreclosure, to wit as a mortgage, has been *otherwise* provided in the same chapter and in connection with the creation of the lien.

The defendant cites *Parish* v. *Murphy*, 51 *Ga.* 614, and the case of *Reynolds* v. *Randall*, 97 *Ga.* 231, as authority that these liens must be enforced by suit. An examination of those cases, however, discloses the fact that the ruling there made refers to the enforcement of the lien of mechanics and materialmen, which by express provision of the statute must be made by suit. Civil Code, § 2804, paragraph 3. We are also referred to the case of *Wheatley* v. *Blalock*, 82 *Ga.* 408. The ruling of that case was, that an action to enforce a mechanic's lien on realty was not a case respecting titles to land, and within the jurisdiction of the county court as to subject-matter.

Basing our decision on the statute, and making no ruling upon the constitutional question above indicated, but not made in the present case, we are of the opinion that a proceeding to enforce an attorney's lien, such as the one involved, is to be brought as is a proceeding to foreclose a mortgage on property of like kind, and that the court erred in directing a verdict for the defendant.

*Judgment reversed.     All the Justices concurring.*