BIGHAM, executrix, *v.* KISTLER *et al.*

1. The petition set forth a cause of action as against the demurrers filed thereto, and there was no error in overruling such demurrers.
2. The common-law rule, that in a joint action all of the plaintiffs must recover or none can, does not prevail in equity.
3. When a person of full age and laboring under no disability is named as plaintiff in a suit filed by a duly licensed attorney at law, the presumption is that the attorney had authority to file the suit in behalf of such person. This presumption, however, is not conclusive, but may be rebutted by proof. Nor does the fact that the attorney who filed the suit abandoned the same before it came to trial prevent a decree rendered therein in favor of the defendant

from being prima facie binding upon· the party in whose behalf the suit was filed.

4. The evidence authorized the verdict, and none of the assignments of error in the motion for a new trial required the granting of a new trial.

5. The decree rendered followed the verdict and was authorized by the pleadings, so far as the rights of four of the plaintiffs were concerned ; but in so far as the decree was in favor of one of the plaintiffs named therein it was erroneous.   Direction will be given that the decree be modified so as to authorize a recovery in behalf of four of the plaintiffs instead of five.

Argued November 12,—Decided December 20, 1901.

Equitable petition.   Before Judge Harris.   Troup superior court. February 18, 1901.

*Harwell & Lovejoy,* for plaintiff in error.
*R. A. S. Freeman, E. T. Moon,* and *D. J. Gaffney,* contra.

COBB, J.   In 1881 Willis Miller, the father of Mrs. Jane B. Kistler, executed to her and her children a deed to his entire estate. Sometime thereafter this deed was set aside by a consent decree rendered on a bill filed for that purpose by Miller.   Subsequently to this, on January 8, 1885, Miller executed to P. H. Kistler, the husband of Mrs. Jane B. Kistler, a deed to the property now in controversy and known as the Freeman and Driscoll places.   On December 1, 1886, Miller executed a deed to the same property to Mrs. Kistler and her children.   In 1887 an execution in favor of B. H. Bigham against P. H. Kistler and an execution in favor of Bigham against Mrs. Kistler were levied on the land in dispute. In 1888, while levies on these executions were pending, a bill was filed in the name of Mrs. Kistler and six minor children, named as Nannie, William H., Joel, Martha Ann, Susan, and Mary Kistler, against P. H. Kistler and B. H. Bigham, seeking to enjoin the prosecution of the foregoing executions, and to have the deed made to P. H. Kistler delivered up and cancelled for alleged fraud in its procurement.   On this petition, in 1889, a verdict was returned finding " that the judgments in favor of B. H. Bigham against P. H. Kistler and Jane B. Kistler are as follows: " setting forth the amounts allowed against each ; the verdict further finding that the lands in controversy were subject to the liens of the executions in favor of Bigham, and that the lands be sold for the purpose of discharging these liens ; the balance of the lands remaining after the liens were satisfied to be the property of Mrs. Kistler and her children.   Upon this verdict a· decree was rendered, making the verdict

the judgment of the court, and decreeing that the lands be sold for the purpose and in the manner stated in the verdict ; the title to the lands remaining after the executions had been satisfied to be vested in Mrs. Kistler and her children.  Under this decree execution was issued and levied on the land known as the Freeman place, and it was in 1889 sold to Bigham for an amount which was not sufficient to discharge the executions, and a sheriff's deed made to him.  He entered into possession of this land and remained in possession until his death.  Some time after the sale of this land the execution issued on the decree was levied on the Driscoll place, the other tract of land described in the verdict and decree.  Bigham died in the meantime, and the present petition was brought on October 14, 1895, by Mrs. Kistler and certain of her children and P. H. Kistler against Mrs. Mary Jane Bigham, as executrix of the will of B. H. Bigham.  In this petition the plaintiffs seek to have the decree rendered in 1889 annulled, and to have the sale of the Freeman place set aside, and to enjoin the sale of the Driscoll place. Several grounds for annulling the decree are alleged, among them being that the decree was obtained by fraud on the part of B. H. Bigham, and that no answer was filed by the defendant which would authorize the decree rendered in the case.  It was further alleged that the deed from Willis Miller to P. H. Kistler was fraudulent and void, and that Kistler never accepted it, and that title to the property was in the plaintiffs by virtue of the deed made by Miller to them in 1886.  The defendant filed demurrers, general and special, to the petition.  Some of the special demurrers were sustained and certain parts of the petition were stricken ; the other special demurrers and the general demurrer were overruled.  To the overruling of these demurrers the defendant filed exceptions pendente lite.  The case then went to trial, when a special verdict in answer to questions propounded by the court was returned, all the findings being in favor of the plaintiffs.  The defendant made a motion for a new trial, which was overruled, and she excepted, assigning error upon her exceptions pendente lite, and upon the refusal of the court to grant her a new trial.  Other facts material to a clear understanding of the case are stated hereafter.

1. The defendant demurred to the petition generally, and upon the ground that all of the matters therein set forth were adjudicated by the decree in 1889 in favor of B. H. Bigham, and that no

sufficient reason was alleged in the petition why this decree should be set aside. Upon this subject the petition alleged, in substance, that while the suit upon which this decree was rendered was pending, B. H. Bigham sent to the plaintiff, Mrs. Kistler, a message to the effect that no answer had been filed to the petition, and that the case could not, for that reason, be tried at that term of the court; that he did not care to trouble her any more about the land, that title to the same was in her and her children, that she should have the land, and to go home and be content. It is alleged that Mrs. Kistler believed these statements and acted on them by not attending court and prosecuting her case, and that but for the statements she would have remained and looked after her case; and that notwithstanding these representations Bigham had the decree entered in his favor, and Mrs. Kistler did not know of the entering of the decree until informed thereof by her attorney in 1895, a short time before the filing of the present petition. The petition also alleges that the attorney employed by the plaintiffs to file the suit in 1888 abandoned the suit after filing the petition, though the same remained pending on the dockets of the court. It was further alleged, in this connection, that no answer was filed by the defendant to the petition and no issue was made up for the court to try. If it be true as alleged that no answer was filed by the defendant, there were no pleadings upon which to base the decree which was rendered in favor of the defendant. But we think the allegations of the petition on the subject of fraud were amply sufficient, if true, to authorize the court to grant the relief prayed for. A court of equity will set aside a judgment or decree obtained by fraud or imposition. Civil Code, § 4032. If the allegations of the petition upon this subject be true, the plaintiff was lulled by the defendant into the belief, not only that the case would not be tried at that term of the court, but that he had abandoned all claim to the land to recover which the suit was filed. Where by acts and statements of a defendant a plaintiff is misled into the belief that the defendant will not resist the plaintiff's claim, and he, acting under this belief, fails to appear and prosecute his claim, as he would have done but for these statements of the defendant, it would be unconscionable to allow the defendant to take advantage of the plaintiff's absence and have a decree entered in his favor which concluded for all time the plaintiff's right to enforce his claim. There is noth-

ing in the petition going to show that the plaintiffs were guilty of such laches or negligence as would prevent them from moving when they did to have the decree set aside. It is distinctly alleged that Mrs. Kistler first heard of the decree in 1895, and her failure to be in attendance on the court in 1889 to see that Bigham made good his representations to her was not, under the circumstances, negligence. If the allegations of the present petition do not make a case for the interposition of a court of equity, it is difficult to conceive of any case where the court would be authorized to set aside a judgment on the ground of fraud in its procurement. See, in this connection, *Markham* v. *Angier*, 57 *Ga.* 43; *Dodge* v. *Williams*, 107 *Ga.* 410 (1). Having alleged facts sufficient to have the decree rendered in 1889 annulled, not only as to Mrs. Kistler but also as to all of her children, who were then minors and for this reason victims of the fraud perpetrated upon her, the petition then proceeds to set forth facts which show unmistakably the right of the plaintiffs to the other relief prayed for. It is alleged that the deed from Miller to P. H. Kistler was void; that Miller was an old man who could neither read nor write; that he employed Bigham, who was an attorney at law, to prepare a deed to the property in dispute to Mrs. Kistler and her children; that instead of carrying out his instructions, Bigham, colluding with P. H. Kistler, prepared the deed to Kistler, who was a debtor of Bigham and insolvent, and, by misleading Miller as to the name of the grantee in the deed, induced him to sign the same with his mark. It is further alleged that Bigham subsequently admitted to Miller that he had practiced a fraud on him, and at Miller's request prepared a deed which accorded with his original instructions, and this deed was duly executed. Under these allegations the deed to P. H. Kistler was absolutely void, and Mrs. Kistler and her children are the owners of the property.

It was contended that even if the petition set forth a cause of action as to Mrs. Kistler so far as it sought to set aside the decree rendered in favor of Bigham, it did not set forth any cause of action as to the children of Mrs. Kistler, for the reason that there was no fraud perpetrated upon them, the fraud alleged to have been perpetrated by Bigham being simply conduct which prevented Mrs. Kistler from attending court and looking after her case. All of the children of Mrs. Kistler who were her coplaintiffs in the proceed-

ing resulting in the decree in favor of Bigham, except one, were minors; and while Mrs. Kistler was not prosecuting the suit either as next friend or as guardian ad litem for these children, it is apparent that the success of the suit, not only so far as Mrs. Kistler but so far as the minor children were concerned, was dependent upon information which could be derived from Mrs. Kistler herself or through her exertions, the presumption being that the minors were not in a position to actively aid in the prosecution of the case. The fraud alleged against Bigham was therefore operative directly upon the interest of the minors, for it prevented the person upon whom alone the success of the suit depended from appearing in court to prosecute the same.

2, 3. The defendant demurred to the petition on the further ground that if the plaintiffs ever had any cause of action it was barred by the statute of limitations. As we shall presently show, some of the plaintiffs were barred and some were not; and while it appeared from the face of the petition that some were barred, there was no error in overruling the demurrer as it was framed. The petition was filed in the name of Mrs. Kistler and her children, Nannie, Willie, Joe, Pinkie, Susie, and Mary Kistler. The court rendered a decree holding that Mrs. Kistler and the child designated in the petition as Willie were barred, and that the other plaintiffs were entitled to recover a five-sevenths undivided interest in the property. Mrs. Kistler and her son Willie acquiesced in this decree. The defendant excepted on the ground, first, that, the suit being a joint one, if any one of the plaintiffs were barred, none could recover; and, second, that in any view of the matter the plaintiff named in the petition as Nannie was barred. All proceedings to set aside a judgment or decree must be brought within three years from the rendition of such judgment or decree. Civil Code, § 3764. As, however, some of the plaintiffs in the suit filed in 1888 were minors at that time, the statute did not begin to run against them until they reached their majority. Civil Code, § 3779. As Mrs. Kistler and those of her children who were parties to the suit filed in 1888 and who reached their majority more than three years before the filing of the present petition were barred by the statute, it becomes necessary to inquire whether this fact will preclude those of the children who would not have been barred from asserting their right to the relief prayed for. It is well settled at law

that in a joint action to recover land, if it appears that one of the plaintiffs is not entitled to a recovery, the suit will fail as to all. *DeVaughn* v. *McLeroy*, 82 *Ga.* 713 (6)'; *McGlamory* v. *McCormick*, 99 *Ga.* 148; *Towns* v. *Mathews*, 91 *Ga.* 548 (3); *Wooding* v. *Blanton*, 112 *Ga.* 509, 512. But even in cases of this character, where equitable defenses are interposed, the common-law rule above referred to will not be applied. *Rumph* v. *Truelove*, 66 *Ga.* 480 (2); *Milner* v. *Vandivere*, 86 *Ga.* 540, 545 – 6. Much more would such a rule not be applicable in an action which is purely equitable, as is a suit to set aside a judgment or decree of the court, although the ultimate object of the suit may be the recovery of land. The common-law rule, that all must recover or none, was never adopted by courts of equity. In such a case a decree will be molded so as to do justice to all the parties. See Pomeroy's Rem. & Rights, § 209 et seq. It remains, therefore, to be determined whether the court erred in entering a decree for a one-seventh interest in the land in favor of Nannie Kistler. It appears from the evidence that she was of age when the suit brought in 1888 was filed. She, therefore, stands in the same position as her mother, if she was a party to that proceeding. It is claimed by the defendants in error that she was not a party to this proceeding, and that she was named as such without her authority. It appears from the record that the petition in that proceeding was filed by a duly licensed attorney at law, and that Miss Kistler was named as a party therein. There is no evidence whatever in the record upon the question as to whether she authorized any one to make her a party to the former suit, unless the mere statement of her mother, that the attorney was employed to represent her and her children, be considered as referring to her as well as the minors. The case really stands upon the presumption always indulged in favor of the authority of a duly licensed attorney to represent those for whom he assumes to appear. The attorney filed the suit, naming Miss Kistler as a party, and the case went to trial in this condition. This was prima facie evidence that the attorney was duly authorized to file the suit in behalf of the person so named. While at this time in most jurisdictions, at least in this country, this presumption is not conclusive but one which may be rebutted by the party so named, if he proceeds in due time, it is universally held that the burden is upon the party to show the want of authority in the attorney. *Dobbins* v. *Dupree*, 36 *Ga.* 108, 39 *Ga.* 394; *Davant* v. *Carlton*, 57 *Ga.* 489; Weeks, Attys. 404 – 5.

Of course, there is no doubt that if Miss Kistler did not authorize the attorney to bring the suit in her name, and for this reason was not in fact a party to the suit filed in 1888, she had the right to move to set aside the judgment, so far as it affected her, provided the motion to set aside the judgment was made in due time after she had notice of the decree. *Turner* v. *Jordan*, 67 *Ga.* 604; *Longman* v. *Bradford*, 108 *Ga.* 572. But not having made a motion to set aside the judgment, and not having shown in the trial of the present case that the appearance by the attorney in her behalf was unauthorized and that therefore she was never a party to the case, the law presumes that the act of the attorney in naming her as such was authorized. Nor does it make any difference that the attorney who filed the suit may have failed to prosecute the same to final judgment, if the suit was left to stand upon the records of the court and finally came to trial. One of the plaintiffs in the present case, who was likewise a plaintiff in the former proceeding, testified that the attorney abandoned that suit before it came to trial ; while the attorney was sworn as a witness and testified that the plaintiffs "abandoned him." Be this as it may, the law presumes that the act of the attorney in filing the suit in behalf of the parties named as plaintiffs therein was duly authorized; and even if he subsequently abandoned the suit, this did not remove the presumption which would be indulged the moment the suit was filed. The presumption once arisen continued throughout the progress of the trial up to and including the entering of the final judgment in the case. Being presumptively a party to the suit, it was incumbent upon Miss Kistler in the present proceeding to show some reason why the decree was not binding upon her. On this question she is absolutely silent. Being sui juris in 1888 when the suit was filed, she can derive no advantage from the fraudulent misrepresentations made by Bigham to her mother, it not appearing that these representations were communicated to her and that she acted on them to her injury. As to this matter she occupies a different position from the minors, in that the latter are presumed to be under the control and influence of their mother when they appear as coplaintiffs with her in a suit brought against their father and one who is alleged to be conspiring with him to defeat the rights of the children; whereas, in the case of a child of full age the presumption is that she is looking after her own interests inde-

pendently of her mother and acting on her own responsibility. But even if it be conceded that the decree was void as to Miss Kistler on account of the fraud practiced upon her mother, she does not attempt to explain why she waited nearly seven years to move to set the decree aside. It was incumbent upon her to give some satisfactory explanation of this delay, by showing that she moved within due time after she had acquired knowledge of the fraud; and this she does not do. In no view of the matter was she entitled to a decree in the present proceeding for any part of the land in controversy. This being so, a decree should have been entered in favor of the plaintiffs for only a four-sevenths interest in the land, and direction will be given that the decree be so modified.

It is further contended by counsel for plaintiff in error that the court erred in entering a decree in favor of any of the plaintiffs who were minors in the former proceeding, for the reason that such minors were represented in that case by their mother; and that as she was barred, they would likewise be barred. It does not appear from an examination of the bill which was filed by Mrs. Kistler and her children in 1888 that she appeared in that proceeding either as next friend or as guardian ad litem for the minors. The proceeding was in the names of Mrs. Kistler and her children, and, so far as appears from the present record, there was no guardian ad litem, next friend, or other representative for the minors in that litigation. The suit was in their names. Mrs. Kistler's negligence in failing to move in time to set the decree aside can not be imputed to the minors, who were simply her coplaintiffs in the proceeding in which the decree was rendered ; and therefore the principle invoked by counsel for the plaintiff in error, that where a trustee, or other person in a representative capacity, is barred, those whom he represented are also barred, has no application to the present case.

4, 5. There was ample evidence to sustain the finding of the jury that the decree rendered in 1889 was obtained by fraud, and was therefore void; and there was also evidence to support their finding that the deed made by Willis Miller to P. H. Kistler was fraudulent and void, and that title to the property was in the plaintiffs by virtue of a deed executed to them by Willis Miller after the date of the alleged deed to P. H. Kistler. Several grounds of the motion for a new trial complain of rulings of the court in reference to certain evidence relating to the question whether or not an an-

swer had been filed by the defendant to the suit brought in 1888, and in submitting this question to the jury; it being contended that, under the circumstances disclosed by the record, the court should have conclusively presumed that an answer had been filed. The jury returned a special verdict in answer to several questions propounded to them. In a note to the motion for a new trial the judge says that the questions "were submitted to counsel and agreed upon as embodying the issues involved." The jury found that no answer had been filed, and also that the decree rendered in 1889 was obtained as a result of fraudulent representations made by B. H. Bigham to Mrs. Kistler. Inasmuch as there was ample evidence to warrant this latter finding, and inasmuch as this was a sufficient finding upon which to predicate the decree rendered, any error which may have been committed in relation to the question whether or not an answer had been filed was harmless. We do not say that any error was thus committed; but the foregoing suggestion is a sufficient reply to the assignments of error upon this point, even if it had not appeared that the questions had been agreed upon by counsel. There was no error in admitting answers of Mrs. Kistler to certain interrogatories, but even if there was any error as to this matter, these answers were upon unimportant points not likely to affect the substantial merits of the case. The question of the non-joinder of parties plaintiff is not a proper ground of a motion for a new trial. The decree followed the verdict, and, save in the particular above mentioned, was unobjectionable. There was no error requiring the granting of a new trial.

*Judgment affirmed, with direction. All the Justices concurring, except Little, J., absent.*