## MOSS v. STRICKLAND.

1. An attorney's lien on land is foreclosed by petition and rule issued by the court as in cases of mortgage foreclosure on land. Where a petition to foreclose an attorney's lien on land, wherein it is alleged that the defendant is a resident of another county, is filed, and, instead of a rule being issued thereon in terms of the statute by the court, process is attached by the clerk, directed to all and singular the sheriffs of this State, commanding the appearance of the defendant at the next term, which petition and process are personally served on the defendant by the sheriff of the county of the defendant's residence, such process is void because issued by one unauthorized to issue it. A judgment at a subsequent term, based on such process, where there is neither appearance nor waiver of process, is void.

2. A proceeding to foreclose an attorney's lien upon real property is to be brought as a proceeding to foreclose a mortgage on land, and the venue of such proceeding is the county wherein the land lies. It is not such a civil case as must be brought in the county of the defendant's residence.

AUGUST 16, 1912.

Affidavit of illegality.  Before Judge Jones.  Rabun superior court. February 27, 1911.

*T. S. Mell,* for plaintiff in error.

*H. H. Dean* and *Cobb & Erwin,* contra.

EVANS, P. J.  J. J. Strickland filed a petition to the superior court of Rabun county, to foreclose his lien as an attorney at law upon a tract of land in that county.  In his petition he alleged, inter alia, that he was employed as an attorney at law by R. L. Moss and A. K. Childs to recover the land, that the suit was successful, and that he recorded his lien as provided by the statute; that A. K. Childs had died, and that W. L. Childs and D. C. Barrow had been appointed his executors.  The prayer was for the foreclosure of the lien, and for process against Moss and the executors of Childs, alleged to be residents of Clarke county.  Process was issued by the clerk, and the defendants were personally served with copies of the suit.  A judgment was entered foreclosing the lien, and fi. fa. issued thereon.  To the levy of the fi. fa. Moss, one of the defendants, interposed an affidavit of illegality.  This was dismissed on demurrer, and Moss excepted.

1.  The affidavit of illegality attacks the validity of the judgment, on the ground that the process was void, and that the defendants neither appeared nor otherwise waived process.  Jurisdiction is dependent on the form and nature of the process to the extent that it can only arise from a proper service of a notice substantially sufficient to apprise the party of everything which he is then entitled to know.  1 Black on Judgments, § 223.  If the process attached is in substantial compliance with the law, and the defendant is properly served, the failure to literally comply with the statute will be treated as an irregularity, and a judgment rendered on such process and service will not be void.  Civil Code, § 5572.  But a process issued by any other person than one qualified to issue it can not be the foundation of a valid judgment.  *Stephenson* v. *Campbell,* 30 *Ga.* 159.  So also, if the process be not in substantial conformity to the statutes relating to the issuance of process, such defect will vitiate the whole proceeding, and is not a mere irregularity.  *Little* v. *Ingram,* 16 *Ga.* 194.

Let us apply these principles to the case in hand.  The petition was filed to the February term, 1908, of the superior court of Rabun county, to foreclose an attorney's lien against land located

in that county, owned by the defendants, who were alleged to be residents of Clarke county. The petition prayed for process, and the clerk issued process in the usual form, directed to all and singular the sheriffs of the State, requiring the defendants to appear at the ensuing February term. The petition and process were served personally on the defendants by the sheriff of Clarke county, sixteen days before the February term. There was no appearance for the defendants, and judgment was rendered at the next August term of the court, foreclosing the lien of the attorney against the land.

A proceeding to foreclose an attorney's lien upon real property is to be brought as is a proceeding to foreclose a mortgage upon land. Civil Code, § 3364, par. 3; *McCalla* v. *Nichols,* 102 *Ga.* 28 (28 S. E. 988). Statutory foreclosure of a mortgage on land is by petition to the superior court of the county wherein the land lies. Upon filing the petition the court shall grant a rule directing the amount due on the mortgage to be paid into court on or before the first day of the next term immediately succeeding the one at which such rule is granted, which rule must be published once a month for four months, or served personally on the mortgagor, his special agent, or attorney, at least three months previous to the time at which the money is directed to be paid into court. Civil Code, § 3276. In proceedings to foreclose an attorney's lien the process is a rule *nisi* issued by the court, and not a process issued by the clerk as in ordinary cases. The clerk was without authority to issue the process he issued in this case. In the first place, the statute prescribes that the defendant is to be brought into court by a process issued by the judge. That process is essentially different from the process which the clerk is authorized to attach to petitions. It issues in term time, and the defendant is directed to pay the money into court on or before the first day of the succeeding term; and it must be served by publication once a month for four months or by personal service at least three months before that time. The ordinary process which a clerk is authorized to attach to a petition is one directed to the sheriff, requiring the appearance of the defendant to the return or appearance term of the court (Civil Code, § 5552), at which term the defendant may demur or plead, and final judgment on the merits is taken at the next term. Then again, the process issued by the

clerk is directed to the sheriff of the county where the suit is pending (Civil Code, § 5552), except in cases where the law provides for the service of the process on a defendant who resides in a different county, by the issuance of a second original, and in this instance the process is directed to the sheriff of the county of the non-resident defendant. Civil Code, § 5567; *Powell* v. *Perry,* 63 *Ga.* 417. The process issued by the clerk in this case is void, because there existed no authority for him to issue it. A void process is equivalent to no process; and where process has not been waived, the failure to annex process to the petition is fatal to the jurisdiction of the court in the cause, and no valid judgment can be made therein. *Brady* v. *Hardeman,* 17 *Ga.* 67.

2. The other ground of the affidavit of illegality assails the constitutionality of the statute providing for the foreclosure of attorneys' liens. The constitution of this State declares, that divorce cases shall be brought in the county where the defendant resides, if a resident of this State; that equity cases shall be tried in the county of the residence of a defendant against whom substantial relief is prayed; suits against joint obligors or joint trespassers residing in different counties may be tried in either county; suits against the maker and indorser of promissory notes, or drawer, acceptor, and indorser of bills of exchange, residing in different counties, shall be brought in the county where the maker or acceptor resides; cases respecting the title to land shall be tried in the county where the land lies. Civil Code, §§ 6538, 6539, 6540, 6542. It is further declared that "all other civil cases shall be tried in the county where the defendant resides." Civil Code, § 6543. The point is made that paragraph 3 of Civil Code § 3364, which prescribes that attorneys' liens may be enforced as liens on personal and real estate, by mortgage and foreclosure, contravenes the foregoing provisions of the constitution relating to the venue of actions, in that it permits a foreclosure of an attorney's lien on land in the county where the land lies, irrespective of the residence of the owner against whose land the lien foreclosure is had. This statute prescribes that an attorney's lien on land shall be foreclosed as a mortgage on land, and that the venue of such proceeding is the county wherein the land lies. *McCalla* v. *Nichols,* supra. Is the statute opposed to the constitution? It will be observed that in all the specified actions for which a venue

is fixed a personal judgment may be recovered. If an action for land be instituted, there may be a recovery of mesne profits. In divorce cases alimony may be recovered. The constitutional scheme seems to be that the venue of every action not respecting title to land, wherein a personal judgment may be recovered, shall be the county of the residence of the defendant in the action, or, if there be more than one, then in the county of one of them. The general provision that all other civil cases shall be tried in the county where the defendant resides comprehends cases of like character, that is, cases in which a judgment in personam may be recovered. This construction is inevitable from the application of the rule of ejusdem generis, as well as from the clear import of the words themselves in the connection in which they are employed. None of these constitutional mandates as to the venue prevent the General Assembly from fixing the venue of a proceeding to foreclose an attorney's lien. A proceeding to foreclose an attorney's lien is not an action within the purview of these constitutional requirements. It is a proceeding to enforce a lien arising by operation of law. It is not an action in personam, because no personal judgment is recovered. Strictly speaking, it is not an action in rem, because it does not adjudicate that the title is in the attorney's client as against persons not parties to the suit wherein the recovery is had. *Stroupper* v. *McCauley,* 45 *Ga.* 74. It may be characterized as a proceeding quasi in rem, having for its purpose the adjudication of the amount due and the existence of the lien, and that the property subject to the lien shall be sold to pay the sum alleged to be due. The judgment does not conclude a stranger as to subsequently asserting title to the property; but it binds parties and privies. *Wallace* v. *Holly,* 13 *Ga.* 393 (58 Am. D. 518). A possessory warrant may be had in any county where the property to be recovered is found; and this is not such a civil case as must be brought in the county of the residence of the defendant. *Jordan* v. *Owens,* 67 *Ga.* 616. Notwithstanding the constitutions of 1861 and 1868 contain similar provisions as the present constitution, no one has ever questioned the constitutionality of the statutory method of foreclosing mortgages on realty by a procedure in the county where the land lies. Since the judiciary act of 1799, it has been provided by statute that a proceeding to partition land may be located in the county where the land is sit-

uated; and the constitutionality of this statute has never been assailed. These instances are marshaled for the purpose of showing the contemporaneous construction of the constitution and long acquiescence therein,—that these kinds of proceedings were never considered as coming within the operation of the constitutional provisions respecting the venue of actions. The enumeration of instances in the constitution is not exhaustive of the venue in every legal proceeding, and the statute assailed does not clash with the constitutional provisions for the venue of actions.

*Judgment reversed. All the Justices concur.*