## JACKSON *v.* JACKSON.

No. 15245.    September 7, 1945.

718

*E. R. Smith,* for plaintiff in error.

*McDonald & McDonald,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) The first question for decision is whether or not the court properly ruled that the defendant was represented in court by E. R. Smith as counsel. There is no dispute that he acknowledged service in writing as "attorney for respondent, James L. Jackson." Smith contends, however, that he signed only because he had been counsel in the former litigation and as an accommodation to counsel for the opposite party, and that his action was unauthorized and misconceived because he had not in fact been employed in the present litigation. The defendant may acknowledge service or process, but this must be done in writing by him or someone authorized by him to do so. Code, § 81-211. No warrant of attorney is required in this State, and an acknowledgment of service signed by one as attorney for the defendant is prima facie authorized until the contrary appears. *Dobbins* v. *Dupree,* 36 *Ga.* 108; *Buice* v. *Lowman Gold &c. Co.,* 64 *Ga.* 769 (3-a); *Hendrix* v. *Cawthorn,* 71 *Ga.* 742 (2); *Rooke* v. *Day,* 46 *Ga. App.* 379 (167 S. E. 762). See generally, as to the presumption of authority of an attorney when purporting to act for another, *Dobbins* v. *Dupree,* 39 *Ga.* 394 (2); *Alexander* v. *State of Georgia,* 56 *Ga.* 478, 485; *Planters &c. Fire Asso.* v. *DeLoach,* 113 *Ga.* 802 (4) (39 S. E. 466); *Bigham* v. *Kistler,* 114 *Ga.* 453, 459 (40 S. E. 303); *Workingmen's Union Asso.* v. *Reynolds,* 135 *Ga.* 5, 7 (68 S. E. 697); *Edwards* v. *Wall,* 153 *Ga.* 776 (3) (113 S. E. 190); *Aycock* v. *Williams,* 185 *Ga.* 585, 589 (2) (196 S. E. 54); Code, § 9-604. While this presumption is not conclusive, but is one which may be rebutted by the party for whom the attorney purports to act

if he proceeds in due time, the burden is upon the party to show the want of authority in the attorney. *Dobbins* v. *Dupree,* supra; *Bigham* v. *Kistler,* supra. It is also true that "A judgment rendered against a party, either plaintiff or defendant, upon a wholly unauthorized appearance of an attorney, if the act of the attorney be not ratified, will be set aside in a direct proceeding for that purpose, in law or equity, if the party is not guilty of unreasonable delay after notice or knowledge of the judgment; and this relief will be granted irrespectively of the solvency of the attorney making the appearance." *Anderson* v. *Crawford,* 147 *Ga.* 455 (94 S. E. 574, L. R. A. 1918B, 894).

In the present case, the defendant did not appear in person and repudiate the attorney's action in signing the acknowledgment of service. Smith represented that it was his information that Jackson was in the armed forces of the United States, but, under the presumption here as to the attorney's authority to represent him, another presumption could not be indulged that the authority would be denied by Jackson were he present. In the absence of a counter showing on behalf of the defendant by someone not estopped, the court did not err in ruling that the attorney's act in acknowledging service was authorized and binding upon Jackson for the purposes of the present litigation. It does not follow, however, that he would be concluded from seeking in a direct proceeding to set aside an adverse judgment on the ground that he had not employed the attorney.

■ The attorney being prima facie authorized to represent the defendant, the demurrer filed in his behalf to the "motion" or application necessarily calls for a review of the trial court's ruling thereon. One ground of demurrer attacks the pleadings as defective because no process was attached. A determination of the merits of this objection requires that we first examine into the nature of the plaintiff's action. The pleading is denominated a "motion" to set aside two verdicts and a decree of divorce, and the prayer is not for process under the Code, § 81-201, requiring the defendant to be and appear at a named term thereafter, but is for a rule nisi to show cause why the verdicts and decree should not be set aside. A motion to set aside a judgment must, however, be based on some defect appearing on the face of the record which is not amendable. § 110-702; *Artope* v. *Barker,* 74 *Ga.* 462;

*Regopoulas* v. *State,* 116 *Ga.* 596 (42 S. E. 1014) ; *Sweat* v. *Latimer,* 119 *Ga.* 615 (46 S. E. 835) ; *Drake* v. *Brown Mfg. Co.,* 121 *Ga.* 550 (49 S. E. 590). Such a motion must be made to the court by which the judgment was rendered, and the opposite party must have reasonable notice. Code, § 110-707; *Bell* v. *Hanks,* 55 *Ga.* 274 (3). The "motion" here does not seek to set aside the judgment for any defect appearing on the face of the record. It was alleged only that the movant did not know until April 6, 1945, of the divorce action culminating in a decree against her on March 21, 1944, and that the verdicts and decree were void because no service of said petition and process or either of them was ever had upon the movant, and that she did not appear in court and make defense, and neither did she waive service nor was there any service by publication as required by law, and there was no substituted service in said case. The "motion," therefore, can not be treated as one to set aside a judgment, for any defect appearing on the face of the record, after notice to the opposite party by a rule nisi or other appropriate order of the court. It partakes somewhat of the nature of an independent suit in equity. But in the latter case, under the Code, § 110-710, a petition, which may be filed in term or vacation, is returnable to the next ensuing term commencing not less than twenty days from the date on which the petition is filed. *Williamson* v. *Haddock,* 165 *Ga.* 168 (140 S. E. 373). Furthermore, the only process that is valid in such an equitable proceeding is that which is required by the Code, § 81-201, which provides that "The clerk shall annex to every petition a process (unless the same shall be waived), signed by the clerk or his deputy, and bearing teste in the name of a judge of the court, and directed to the sheriff or his deputy, requiring the appearance of the defendant at the return term of the court." The failure of the clerk to issue and attach to the petition process in substantial conformity with the statute renders the entire proceeding void and is not a mere irregularity. *Little* v. *Ingram,* 16 *Ga.* 194; *Moss* v. *Strickland,* 138 *Ga.* 539, 540 (75 S. E. 622). The petition here lacked the requisite process, and there was no waiver of process. While the attorney acknowledged service of the "motion," and agreed that the court might sign a rule nisi at any time before the hearing, this did not constitute a waiver of the essential process prescribed in the Code, § 81-201. See *Ross & Son* v. *Jones,* 52

*Ga.* 22; *Seisel* v. *Wells,* 99 *Ga.* 159 (2) (25 S. E. 266); *Thacker* v. *Thacker,* 167 *Ga.* 706 (146 S. E. 457). Where there is no process and no waiver of process, no valid suit arises. *Brady* v. *Hardeman,* 17 *Ga.* 67; *Florida Central &c. R. Co.* v. *Ragan,* 104 *Ga.* 353 (30 S. E. 745); *Stinson* v. *Branan,* 166 *Ga.* 752, 754 (2) (144 S. E. 324). Hence, if the "motion" could be treated as an attempt to bring an independent suit in equity to set aside the two verdicts and decree of divorce, it is fatally defective for want of essential process, and the court erred in overruling the ground of demurrer. This error rendered all subsequent proceedings nugatory, and it is unnecessary to pass on other assignments of error.

*Judgment reversed. All the Justices concur.*