OF THE

## STATE OF CALIFORNIA,

IN APRIL TERM, 1851.

---

### SNOW vs. HALSTEAD.

An action for obtaining property by false and fraudulent representations, cannot be sustained, where it appears on the face of the complaint that the alleged representations were made some months after the property was obtained by the defendants; So *held*, where the complaint alleged that the defendant, in *March*, 1850, obtained of the plaintiff $2300, by means of false and fraudulent representations, contained in an instrument executed by the defendant in *October*, 1850.

Pleadings should set forth facts, and not merely the opinions of parties, and must, when ambiguous, be construed most strongly against the pleader. Thus, where the complaint alleged that the plaintiff was "satisfied" that the defendant procured certain property through fraud, but there were no other allegations in the complaint showing fraud; *Held*, that the issue tendered was immaterial, it not presenting a point upon which the cause could be decided on its merits.

APPEAL from the superior court of San Francisco, in which judgment was rendered in favor of the plaintiff.

*By the Court*, BENNETT, J. On the 28th day of February, 1850, the defendant Halstead, entered into a written contract with one Balch, by which Balch agreed to transfer to him the bark *Sacramento* on the 28th day of the succeeding May; and Halstead agreed to pay Balch on that day the sum of seven thousand six hundred and fifteen dollars, with interest at 5 per

[359]

cent.  Halstead paid on this agreement, at various times, sums amounting in the whole to about $7000, but failed in the end to pay the whole amount, and the title to the vessel was transferred by the agent of Balch to another person.  About the 1st of March, 1850, Halstead, who then had possession of the bark, contracted verbally with the plaintiff Snow, to sell to him one fourth part of the *Sacramento*, and to give him the berth of mate on the vessel on a trip to the Sandwich Islands.  The plaintiff paid Halstead $2300, as part payment of the purchase money, and one witness, Francis S. Balch, testifies, that " from " conversations with Snow, witness got the conviction that Snow " knew all about the circumstances of Halstead's purchase." The only testimony, showing any representations of the defendant *before or at the time* of the above contract of sale to Snow, is that of Gould, who states, that he acted for Snow in the matter, and that Halstead " stated that he had bought the bark *Sacra-* " *mento*, and wished to sell part of it."  It also appears that Halstead had stated to Snow and others, that he was the owner of the bark, but whether such declarations were made before, or at, or subsequent to, the sale to Snow does not appear.

The vessel made a trip to the Sandwich Islands and back, which turned out to be unprofitable.  Snow went as mate on this voyage.

On the 10th day of October, after the return of the bark from the Sandwich Islands, Halstead executed a written instrument, which recites that he had bargained for and purchased the bark *Sacramento* of Balch, and that, soon after such purchase, he had made an arrangement with Snow by which the latter was to become part owner, and had agreed to purchase one quarter of the vessel, and had paid $2300, and had become part owner of the bark in the same proportion that the sum of $2300 is to the sum of $13000, and declares that when the balance of the money due for the quarter interest of Snow should be paid, then Snow would be the owner of one quarter part of the vessel.  There is no evidence, either in this instrument or otherwise, that any money was paid at the time of the execution thereof, or afterwards.

The action is brought to recover back the $2300 paid by Snow, on the ground that the money was obtained by Halstead through false and fraudulent representations. The complaint, after giving a copy of the instrument of October 10th, 1850, above mentioned, proceeds as follows :—" And the said plaintiff " further says, that the said John J. Halstead has received from " him in cash the sum of two thousand and three hundred dol- " lars mentioned in the above instrument under the *representa-* " *tions contained therein,* that he was the owner of the bark " *Sacramento,* and that he had a right to sell to the plaintiff the " one quarter part of the same." The complaint further states that the plaintiff is " satisfied" that the defendant never was the owner of the bark, and that he procured the money of the plaintiff in a fraudulent and deceitful manner, and upon false and unfounded representations, &c.

It will thus be seen that the substance of the charge in the complaint is, that the defendant in the month of *March,* 1850, obtained of the plaintiff the sum of $2300, by means of false and fraudulent representations, contained in an instrument executed in the month of *October,* 1850. It is hardly necessary to say, that no action whatever can be maintained upon such grounds.

The charge in the complaint that the plaintiff is *satisfied* that the defendant never was the owner, &c., amounts to nothing. Pleadings must be construed, whenever they are ambiguous, most strongly against the pleader ; and viewing the complaint in this light, the issue tendered is whether the plaintiff was *sa- tisfied* that the defendant never was the owner, &c. This issue was immaterial, and, whether found one way or the other, could not present a point on which the cause could be decided upon the merits. At the same time, we feel clear that, had there been a distinct charge of fraudulent representations, there is no evi- dence to substantiate such charge.

The judgment should be reversed, and as we deem the com- plaint irremediably defective, there can be no use in according a new trial.

Ordered accordingly.