ADOLPH B. WESLOW, plaintiff in error, vs. J. PEAVY & BROTHERS, defendants in error.

Service of this declaration was acknowledged with a waiver of process and time of filing. This was more than twenty days before the next term of the court. The writ was filed during the second term, and judgment taken the third term:

Held, that the judgment is valid and binding as between the parties, and will not be set aside without proof that the defendant has actually been deceived thereby, or deprived of some available defense.

Service. Waiver. Filing. Judgment. Practice in the Superior Court. Before Judge SCHLEY. Chatham Superior Court. May Term, 1873.

J. Peavy & Brothers brought complaint to the May term, 1871, of Chatham superior court, against Ferrill & Weslow, on a note dated March 17th, 1870, due at sixty days, for $1,500 00. Service was acknowledged, and copy process and time of filing waived, on February 2d, 1871. On March 25th, 1872, during the next regular term of the court, the declaration was filed in office. On September 6th, 1872, during the succeeding term, judgment was rendered by default in favor of the plaintiffs against the defendants. At the next term, a motion was made by Adolph B. Weslow, one of the defendants, to set aside the judgment, on the ground that it was obtained without due notice. The motion was overruled, and Weslow excepted.

JOHN M. GUERARD; HARTRIDGE & CHISOLM, for plaintiff in error.

RUFUS E. LESTER, for defendants.

TRIPPE, Judge.

More than twenty days before the May term, 1871, of Chatham superior court, plaintiff in error acknowledged service of the declaration and waived copy and process, and the time of filing the writ. The writ was filed during the next January

Weslow *vs.* Peavy & Brothers.

term, which was the second term after the acknowledgment and waiver. Judgment was rendered at the next term after the filing.

Is that judgment valid? As between the parties, the case of *Steadman vs. Simmons*, 39 *Georgia*, 591, is a precedent that it is. There was a similar waiver in that case. It is true the clerk had entered on the declaration that it was filed during the first term after the waiver was made, but the defendant proposed to prove that the writ was never handed to the clerk until the judgment term, and the court trying the case refused to admit the testimony. Judgment was had for plaintiff, and affirmed by this court. As was remarked by the court in that case, we say here, that as between plaintiff and defendant, we see no reason why the time of filing may not be waived.

It was objected that there should be some limit to the right of the plaintiff in such a case to put his suit in operation by actually filing the writ; that a defendant should not indefinitely be held in suspense by such a waiver, and that there should be a time when the acknowledgment and waiver would be exhausted and inoperative. There is force in this, and perhaps the proper rule should be, that it should be filed in the office so that judgment could be rendered or a trial had at the regular judgment term after the waiver is made. In this case it was so filed, and we are inclined to think that judgment might have been taken under the waiver at the term when the writ was filed, unless the defendant could have shown that he had been misled.

If parties see proper, for purposes of their own, to waive a right which the law gives them and which they are allowed to waive, they ought not to complain at the result, unless a wrongful advantage is thereby taken by the one accepting such waiver, or they have been misled so as to lose some right of defense which otherwise would have been of value to them. Here the defendant does not claim that he has lost anything. He does not set up that he was deprived of any defense, or that he had any defense. If this had been so, the case might

be different. He made the waiver, and if there has been any gain it is his, for judgment did not go against him until the third term after the waiver. Doubtless, the waiver was for his accommodation. He has had that, and should not complain.

Judgment affirmed.