## LANGFORD *vs.* DRIVER.

1. Where a married woman makes application for a homestead, the records should show out of whose land it is to be carved, so that creditors may be notified that their interests are attacked. If this be not done, the record of the homestead cannot be admitted in evidence.

2. The grounds upon which counsel ask the court to exclude testimony from the jury should always be precisely stated, so that the judge

below and this court may be able to understand and rule correctly thereon. A mere general assignment of error in admitting certain testimony cannot be considered by this court.

3. In order to require a reversal on the ground that the judge refused to suppress certain interrogatories because the witness had a memorandum which he failed to attach to his answers, it should appear that the motion was made in writing, and notice thereof given before the trial.

4. An acknowledgment of service by the defendant on a declaration, before the same is filed in office, will authorize a judgment against him, although it may not be shown that he appeared and defended the suit, or knew that it was proceeding against him previous to the judgment.

5. The defendant was bound by his acknowledgment of service on the declaration, and was entitled to no further notice before judgment.

6. The verdict was not contrary to law, evidence or justice.

April 3, 1883.

Homestead. Husband and Wife. Interrogatories. Practice in Superior Court. Practice in Supreme Court. Service. Waiver. Before Judge HARRIS. Troup Superior Court. April Term, 1882.

Driver sued Langford for the purchase money of building materials furnished to the latter. The declaration was filed April 5, 1875. Prior to that date, on March 17, 1875, Langford acknowledged due and legal service upon it, and waived copy, process, and service by the sheriff. Judgment was rendered by default, and a levy made on real estate. Langford interposed a claim as head of a family, alleging that the property had been set apart as a homestead. On the trial, the jury found the property subject. Claimant moved for a new trial, on the following among other grounds :

(1.) Because the court held the proceedings to obtain the homestead void, and rejected the same from evidence. [The application was made by the wife of the debtor. It set out the names and ages of the members of the family, stated that the husband declined to apply for a homestead, and that thereupon she made application on behalf of her-

self and family. Attached to the application was a schedule " of the real and personal estate owned and .possessed by her said husband and herself, in which she prays and applies for a homestead and exemption."]

(2.) Because the court admitted certain stated evidence of the plaintiff, over objection of claimant's counsel. [The ground of objection is not stated.]

(3.) Because the court refused to suppress the interrogatories of plaintiff, on motion of claimant's counsel, on the ground that plaintiff swore from a memorandum which was not attached to the answer. [When this motion was made, does not appear.]

(4.) Because the court refused to charge to the effect that an acknowledgment of service on the declaration before it was filed was not sufficient, and that a judgment obtained on such a proceeding would be void, unless the defendant appeared and defended the suit, or knew that it was actually proceeding against him before the judgment; but charged to the contrary.

(5.) Because the verdict was contrary to law and evidence.

The motion was overruled, and claimant excepted.

B. H. BIGHAM, for plaintiff in error.

FERRELL & LONGLEY, for defendant.

CRAWFORD, Justice.

The error complained of in this case is the overruling a motion for a new trial.

1. The first ground of that motion is because the judge rejected the papers and proceedings offered in evidence to show that a homestead had been set apart in the land claimed. The ground upon which the judge held the papers nadmissible, appears to be that the application therefor was made by Mrs. Isabella M. Langford, the wife of the

defendant in *fi. fa.*, and did not set forth therein out of whose land the same was to be taken.

According to the ruling of this court in the case of *Wilder & Son vs. Frederick*, 67 *Ga.*, 669, not yet reported, the judge below properly rejected this evidence. In that case it was held that, where a married woman made application for homestead, the record should show out of whose land it was to be carved, so that the creditors might be notified that their interests were attacked. And further, that, whilst in all cases it was best to specify out of whose lands the same was to be taken, yet where it was to be carved out of some other person's than that of the applicant, unless it was so stated, that it would be invalid.

The application in this case being by the wife for exemption of personalty and homestead, should have specified definitely out of whose lands the homestead was to be carved, and out of whose personalty the exemption was to be allowed. Instead, however, of this, her petition states, that the schedule which she sets forth is " a correct schedule of the personal and real estate owned and possessed by her said husband and herself." From this, it will be seen the utter impossibility of ascertaining whether she owned only a few articles of the personalty, or a portion of the realty, or all of the realty and none of the personalty. It was clearly no compliance with the requirements of the law, and was therefore invalid.

2. The second ground of error assigned in the motion for a new trial is in allowing certain evidence of the plaintiff in *fi. fa.* to be admitted, over the objection of claimant's counsel. It not appearing upon what ground the objection was made, it is impossible for this court to determine whether the same was or was not properly rejected. The grounds upon which counsel ask the court to exclude testimony from the jury should always be precisely stated, so that the judge below and this court would be able to understand and rule correctly thereon.

3. The third is that the judge refused to suppress the interrogatories of the plaintiff in *fi. fa.*, on the ground that in his answer to the 8th cross-interrogatory it appeared that he had a memorandum book, and failed to attach it to his answers.

It is not shown at what time this motion was made, and as the objection went to the execution, it should have been made in writing, and notice given before the trial; it was certainly too late to suppress upon that ground after the same had commenced.    Errors must be shown to be corrected.    44 *Ga.*, 278.

4. The fourth ground of the motion is, in substance, that the judge refused to charge the jury that the acknowledgment of service by a defendant on a declaration, before the same is filed in office, will not authorize a judgment against him, unless it is shown by evidence that he appeared and defended the suit, or knew that it was proceeding against him previous to the judgment.    We do not think that there is any legal merit in this ground.

5. The fifth refers to the evidence touching the fourth, and falls with it, as the defendant was bound by his acknowledgment of service on the declaration, and was entitled to no further notice before judgment.

6. The sixth and last ground is that the jury found against the law, and against the evidence, and contrary to justice.

We do not think that this ground is well taken.

Judgment affirmed.