WILLIAM GEORGE WOND AND HENRIETTA WOND, MINORS, BY GEORGE J. WOND, THEIR GUARDIAN AD LITEM, AND GEORGE J. WOND, v. ILIAHE MIKALEMI AND AKONE KAWAA.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED SEPTEMBER 9, 1912.          DECIDED SEPTEMBER 25, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EQUITY—*answer as evidence.*

Where the answer to a bill in equity denies the facts charged in the bill only upon information and belief more testimony than that of one credible witness is not required to establish the allegations of the bill.

DEEDS—*when deed not to be deemed fraudulent.*

Where a deed has been prepared by an attorney at the request
of and in accordance with directions given him by the grantor and
it has been executed by the grantor freely and voluntarily and
delivered to the grantee without any misrepresentation having
been made as to its contents, it will not be regarded as fraudulent
because the grantor made statements both before and after its
execution to others than the attorney which tended to indicate
that she entertained an intention to make a disposition of the
property different from that provided for in the deed, nor for the
reason that the deed was not read by or to the grantor before its
execution.

### OPINION OF THE COURT BY ROBERTSON, C.J.

This is a suit to establish two lost and unrecorded deeds, and
for other relief. The original suit was instituted by William
Davis, Joseph Davis and Mary N. Lee Hoy, children of Joe
Davis, late of Ewa, Oahu, deceased, against Pokii Davis, the
step-mother of the complainants, and certain others as defend-
ants. Before the case was called up for hearing Pokii Davis
had died, and the complainants had sold and conveyed their re-
spective interests in the land involved in the suit to George J.
Wond, a son-in-law of said Joe Davis and one of the defendants.
By appropriate proceedings had to that end, William George
Wond and Henrietta Wond, minor children of a deceased
daughter of said Joe Davis, by guardian ad litem, and George
J. Wond, their father, became the complainants and Iliahe Mi-
kalemi and Akone Kawaa, respectively the sister and brother
of said Pokii Davis, and her heirs at law, became the defend-
ants. The complainants discontinued as to certain others who
had been made parties defendant by the original bill.

It was averred in the bill that on the 16th day of January,
1905, Pokii Davis, desiring to convey certain lands which she
owned to her husband Joe Davis, duly executed, acknowledged
and delivered a deed conveying said lands to one Kalualiilii,
her said husband joining in and consenting to the conveyance;
that on the same day and as part of the transaction said Kalua-

liilii, his wife releasing dower, executed, acknowledged and delivered a deed conveying said lands to Joe Davis but reserving to said Pokii Davis the rents, issues and profits of the lands for the period of her natural life; that the deeds which were not recorded remained in the possession of Joe Davis until his death on the 2nd day of April, 1909; that complainants made diligent but unsuccessful search for said deeds and that they are either lost or destroyed, or are being fraudulently concealed by one Eli M. Crabbe, the husband of a sister of the complainants, to whom, it was alleged, the said Pokii Davis had, after the death of her husband, conveyed, for a nominal consideration some of the lands referred to.

Pokii Davis, in her answer, alleged that for about eleven years she had been paralyzed to such an extent as to be deprived almost entirely, at times, of the use of her limbs, and that her speech was so impaired that she could not make herself understood except to those in close and long association with her, and that for some weeks next preceding the 16th day of January, 1905, she had been unusually ill and in expectation of immediate death; that with such expectation she had instructed her husband to have prepared for her execution such papers as would, in the event of her death, convey to her husband the lands mentioned in the bill and as would continue the title in her in the event that she should survive her husband or should recover from her then unusual illness; that, on said 16th day of January, she executed and acknowledged a certain document which her husband had caused to be prepared and which he submitted to her with the assurance that it was in accordance with her directions; that said document was in the English language, was not read or interpreted to her, and that she had no knowledge of its contents other than her belief that the same represented her expressed desire and intention; that she made no delivery of the document so executed to said Kalualiilii or to any other person; that upon the same date and as a part of the same transaction Kalualiilii and his wife executed and acknowl-

edged a certain other document which was in the English lan-
guage, the contents and legal effect of which she has ever been
ignorant except that she was then and there given to understand
by her husband that it was necessary to the carrying out of her
purpose and intention that said document should be executed;
that it was not her intent or desire to make a present convey-
ance of said lands either immediately or through the medium of
said Kalualiilii to her said husband; and that if in fact and in
law said deeds constituted such a conveyance they were deceit-
ful and fraudulent in character and did not represent her
wishes or intention in the premises.

It was stipulated at the hearing that the answer of Pokii
Davis should be taken as and considered to be the answer of the
defendants Iliahe Mikalemi and Akone Kawaa, they answering,
however, upon information and belief instead of positively.

The first point presented for consideration is as to the effect
to be given to the answer of Pokii Davis. Counsel for the ap-
pellants invokes the rule that in equity an answer which is un-
der oath (a sworn answer not having been waived) and is re-
sponsive to the bill is evidence in favor of the party so answer-
ing and will entitle such party to prevail unless it is overborne
by the evidence of two witnesses or of one such corroborated by
circumstances. Assuming that the answer was responsive to the
bill and that the case for the complainants, so far as the crucial
question whether the deeds in question were drafted according
to the instructions, and expressed the desire and intent of Pokii
Davis, is concerned, depends upon the testimony of one witness,
i. e. the attorney who prepared the documents, and that he was
not corroborated as to that point, we are of the opinion that the
rule does not apply. Pokii Davis was not a party to the suit
when it was tried. The present defendants "in order to save
mutual labor," as their counsel put it, obtained the consent of
counsel for the complainants that the answer of Pokii Davis
might be adopted by them as their answer except that they
should be understood as making the averments upon informa-

tion and belief.    The answer of the present defendants, there-
fore, was an answer upon information and belief merely.    Such
an answer, though responsive to the bill, does not have the force
and effect of a positive answer and is not within the rule sought
to be invoked.    1 Beach Mod. Eq. Pr. Sec. 377; 16 Cyc. 388.

The remaining question is whether the complainants proved
the allegations of their bill and are entitled, as the court below
held them to be, to the relief sought.    Mr. Frank Andrade, the
attorney who prepared the deeds, testified clearly and positively
to the effect that he prepared them at the request and according
to the instructions of Pokii Davis by whom he was employed for
the purpose in December 1904 and who told him that she de-
sired to have the lands placed in the name of her husband, Joe
Davis, but that she wished to have something to say about the
lands while she was living; that with her and her husband he
talked over the method by which the transfer could be accom-
plished; that he suggested a will, but she objected on the ground
that a will might be attacked; that she said that the chances
were that she would die before her husband and that she did not
want her own people, her brother and sister, to have any interest
in the land; that he informed her that the land would go to her
husband's heirs in case of his death and she said it would be al-
right if she was protected through her life; that there was no
suggestion of a joint tenancy; and that she named Kalualiilii
as the one through whom the title should be passed to her hus-
band.    The witness testified that he had known Mrs. Davis for
a number of years and was able to understand her speech; that
upon obtaining the necessary data from which to draw the
documents, he prepared two deeds, one a conveyance of the
lands in question by Pokii Davis to Kalualiilii, and his heirs,
in which Joe Davis was to join, and the other a conveyance of
the same lands by Kalualiilii to Joe Davis, and his heirs, in
which Kalualiilii's wife was to release her dower, the latter con-
taining also a reservation of all the rents, issues and profits aris-
ing out of or from the lands to Pokii Davis for the term of her

natural life; that a carbon copy of the first mentioned deed had been preserved by him and it was produced at the hearing. There is no dispute or conflict in the testimony as to the subsequent execution of the deeds and their delivery to Joe Davis. It appears that at the time of their execution they were not read over by or translated to the parties. The notary who took the acknowledgments testified that he asked the parties if they understood what they were signing and upon their saying that they did he took their acknowledgments. The testimony tends further to show that the deeds were kept in a trunk in the Davis home until some time after the death of Joe, but what eventually became of them does not appear.

It further appeared in evidence, however, that at a conference had after the deeds had been prepared but before their execution at which Mr. and Mrs. Davis, and Kalualiilii and his wife were present Mrs. Davis explained that her intention was to deed the land to Kalualiilii and that he was to deed it back "to Pokii and Joe" so that if she should die the lands would go to Joe but that if Joe should die first the lands would revert back to her. Eli Crabbe testified that after the death of Joe Davis he asked Pokii if she was going to have the deeds recorded and that she said no, there was plenty of time as the land still belonged to her. Another witness testified that about a year after the death of Joe Davis he was consulted by Pokii with reference to borrowing some money upon the security of these lands; that he reminded her of the conveyances to Kalualiilii and Joe Davis and told her that she did not own the property, whereupon she said that those papers were made to prevent her brother and sister from getting the property, that they had not been put on record and that for the purpose of raising money on the lands those deeds were either destroyed or could be destroyed; and that as Joe Davis had died the property was her own.

Upon the testimony, which we have briefly summarized, we cannot say that the defendants' claim that the deeds in question

were fraudulent is sustained. Some of the testimony undoubtedly tends to support the contention that Pokii Davis intended that in the event of her husband's death during her lifetime the title should revert to her but according to the testimony of her attorney the deeds were drawn precisely in accordance with her instructions and with a view to effectuate her desire as she expressed it to him. The deeds were voluntarily executed, and there is no evidence that their contents were misrepresented by anyone. We hold that the complainants are entitled to the relief sought and that the decree appealed from ought to be affirmed.

Decree affirmed.

*Frank Andrade* for complainants.

*C. W. Ashford* for defendants.

### CONCURRING OPINION OF PERRY, J.

Although some testimony was introduced to the effect that both before and after the execution of the deeds the grantor, Pokii Davis, stated to others than her attorney that the deeds were intended by her to convey the title to Joe Davis in the event of his surviving her and to leave the title in her if she should survive him, a purpose radically different from that expressed on the face of the documents, my finding, in reliance mainly upon the testimony of the attorney, is that the latter correctly understood the grantor's instructions to him, that the documents as prepared by him were such as to effectuate her intention and desire as expressed to him, that the deeds were executed and delivered freely and with a correct understanding of their effect and that at the time of their execution the grantor's intention and desire in the matter were still the same as expressed by her to her attorney when giving him the instructions referred to. For these reasons I concur in the affirmance of the decree appealed from.