## S. W. NAWAHIE, BY HIS NEXT FRIEND, J. LIGHT-FOOT *v.* CHARLES F. PETERSON AND GABALIELA KAMALANI.

### No. 1098.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

SUBMITTED NOVEMBER 22, 1918.        DECIDED DECEMBER 14, 1918.

COKE, C. J., KEMP AND EDINGS, JJ.

PLEADING—*next friend.*

> Where a suit is brought by a *prochein ami* or next friend the petition or declaration should show upon its face that the plaintiff is laboring under some legal disability which prevents him from instituting and managing the suit himself.

SAME—*fraud.*

> On pleading fraud either at law or in equity the specific facts constituting the fraud must be stated in the declaration or petition, not conclusions.

OPINION OF THE COURT BY EDINGS, J.

The record in this case shows that on the 9th day of February, 1918, J. Lightfoot, as next friend of S. W. Nawahie, filed a bill in equity against Charles F. Peterson and Gabaliela Kamalani, the object of which is to set aside a trust deed from Nawahie to Peterson in which Kamalani is a beneficiary on the ground of fraud, for an accounting, and for an injunction.

In response to an order to show cause why a temporary injunction restraining the respondent Peterson, the trustee named in the deed, from collecting the revenue of the property covered by the deed should not be granted the respondent Peterson made a special appearance, and, pursuant to terms offered by the court, elected to continue to

collect the accruing revenue and to deposit the same in the registry of the court. Thereafter the respondent Peterson interposed a demurrer to the bill of complaint upon four grounds, viz.: (1) "That the petitioner has not in and by his said bill of complaint made or stated such a cause as entitles him in equity to the relief prayed for, or any relief, against this respondent." (2) "That no facts are set forth in said bill which show a reason why said S. W. Nawahie may or should appear as petitioner herein by or through a next friend." (3) "That said bill of complaint does not set forth facts which show that said J. Lightfoot has any authority to appear herein or to maintain this suit as a next friend of said S. W. Nawahie." (4) "That said bill of complaint sets forth no facts which show that the said J. Lightfoot, as next friend, or otherwise, has any right or interest in the subject matter of said cause." Subsequently the respondent Kamalani filed a demurrer setting forth the above grounds, and an additional ground, as follows: "That the facts which may be relied on to show the alleged fraud and deceit on the part of said Peterson in connection with the execution by said petitioner of the trust deed, referred to in said bill of complaint, are not set forth in said bill."

The demurrers were sustained by the circuit judge with leave to amend, but the petitioner elected to stand upon his bill and a decree dismissing the bill was entered.

The averments of the bill of complaint are in substance as follows: That petitioner is eighty-five years old; that by reason of the advanced age of petitioner and the infirmities of mind and body incident thereto, petitioner has from time to time been compelled to rely upon the assistance of others for the transaction of his business affairs, and when so relying upon the assistance of others has been accustomed to place absolute faith, trust and reliance upon them; that on the 26th day of March, 1917, a suit was filed

in the circuit court of the first circuit of this Territory wherein petitioner by his next friend Akala Lamnui was petitioner and Gabaliela Kamalani, the respondent named in the present suit, was respondent, the object of which suit was to procure the cancellation of a certain deed, executed by petitioner to said Kamalani on or about the 7th day of February, 1917; that petitioner retained the respondent Peterson as his attorney to act for him in the matter of said suit and paid to him certain sums of money for his services therein; that said Peterson has since acted as his attorney in said suit both in the circuit court and in this court, the records of which suit are referred to in said petition. These records disclose that "Nawahie appeared and moved to dismiss the bill of complaint averring in his motion that the suit was instituted and filed without his consent * * *; that he is of sound mind and mentally competent to institute, prosecute, terminate, withdraw and discontinue said suit and said bill of complaint and to protect all of his interests in the property involved thereunder and to transact all matters of business. This motion was accompanied by the affidavit of Nawahie which substantially recounts the matters contained in the motion" (*Nawahie* v. *Kamalani,* 24 Haw. 82); that shortly afterwards the respondent Peterson represented to petitioner that it would be desirable, proper and necessary for the preservation of the rights of petitioner" to have petitioner appoint said Peterson to care for and protect the property of petitioner, real and personal, and having absolute confidence in said Peterson petitioner placed large sums of money in his hands; that the said Peterson purchased land for petitioner, a portion of which land petitioner desires to retain, and as to the remainder believes that said Peterson charged petitioner a commission amounting to about twelve hundred dollars and included the same in the alleged purchase price of the

land; "that on the 31st day of January, 1918, and after the said Peterson had been requested to account with petitioner, the said Peterson filed in the registry office for record, a purported trust deed, purporting to have been executed by petitioner, in which it is pretended that petitioner conveyed all his property real and personal, to said Peterson, in trust, for the benefit of said respondent Gabaliela Kamalani;" "that said petitioner signed many papers at the request of said Peterson, having full trust and confidence in him as aforesaid, but petitioner never knowingly signed a trust deed conveying all of his property to said Peterson as aforesaid, and that the signature of said petitioner to said trust deed, if indeed such signature was ever attached thereto, was procured by the said Peterson by fraud and deceit and was not the free act and deed of said petitioner." The trust deed in question is attached to and made a part of the bill of complaint. This deed shows that it was executed on the 29th day of May, 1917, and was duly acknowledged by the said Nawahie and the said Peterson on the same date, which acknowledgment recites "that they executed the same as their free act and deed;" that petitioner has requested Peterson to cancel said trust deed and to account with petitioner, which he refuses to do. There is also an endorsement on the bill of complaint by the said Nawahie, that he thoroughly understands the same and has requested J. Lightfoot to prepare and file the said suit for him as his next friend and in his name; that the averments contained in said bill of complaint are true and that he joins in the prayer thereof.

The second, third and fourth grounds of demurrer are to the suit having been instituted by a "next friend" instead of by Nawahie himself.

We are unable to discover any averments in the bill which show that the petitioner is under any legal disabil-

ity or is unable to look after his own interests. Indeed there are averments in the bill which show conclusively that he was fully competent and legally able to institute the suit himself.

"A next friend or *prochein ami* is not a party to the suit, but simply a person appointed by the court to look after the interests of one who by reason of some legal disability is unable to look after his own interests, and to manage the suit for him." 14 Ency. Pl. & Pr. 998.

"Where an action is prosecuted by a next friend, disability of the plaintiff must be averred or a demurrer will lie." 14 Ency. Pl. & Pr. 1051.

"A declaration stating that the plaintiff sues by prochein ami without showing the plaintiff's infancy and the prochein ami's admission, is bad on demurrer." *Shirley* v. *Hagar,* 3 Blackf. (Ind.) 225.

"When a suit is brought by a next friend and it is not shown that the plaintiff is a minor, a married woman or otherwise entitled to sue by next friend, a demurrer to the bill should be sustained." *West* v. *Reynolds,* 17 So. (Fla.) 740.

"Persons laboring under no disability cannot sue by next friend. The bill should upon its face show the disability. We can find neither precedent nor authority for allowing a person under no incapacity whatever to sue by next friend." *Hunt* v. *Wing,* 57 Tenn. 139.

"The bill must show that the next friend has been admitted to appear by an order of the court." *Palmer* v. *Sinnickson,* 59 N. J. E. 530.

In the case of *Kalanianaole* v. *Liliuokalani,* 23 Haw. 457, this court said: "If he be in fact incompetent his only representative should be the appointee of the court." In the case of *Ahin* v. *District Magistrate,* 11 Haw. 279, cited by petitioner-appellant, the court held "that a district magistrate may permit a next friend to bring an action for an infant." In *Lukua* v. *Manaia,* 21 Haw. 160, also cited by petitioner-appellant, this court held that "the appointment of a guardian *ad litem* of minor defend-

ants need not be made by a formal order." Neither of which cases is pertinent to the present controversy.

We are therefore of the opinion that these grounds of demurrer were properly sustained.

The second ground of demurrer asserted by the respondent Kamalani is that the facts constituting the alleged fraud in connection with the execution of the deed are not set forth in the bill of complaint. The averment in the bill that petitioner is old and suffering from the infirmities of mind and body incident thereto is not sufficient to sustain a bill to set aside a deed upon the ground of "fraud and deceit."

The law presumes all persons to be of sound mind, and if adults capable of managing their own affairs, and the mere fact that it is alleged by a person styling himself a next friend that a particular individual, who is an adult, is of weak or unsound mind, and not capable of taking care of his own affairs, does not destroy that presumption. Nor do his own assertions constitute any proof of the truth of his statements. That "petitioner has from time to time been compelled to rely upon the assistance of others for the transaction of his business affairs and to place faith and trust in them," as recited in the bill, is not, due to the limited sphere of man's activities, an unusual condition, and in the execution of a trust deed is an unavoidable one.

The averment that complainant "never knowingly signed a trust deed conveying all of his said property to said Peterson" is not a ground for the cancellation of the deed since if he signed the deed without ascertaining its contents he has only himself to blame. *Wond v. Mikalemi,* 21 Haw. 288 There are no facts alleged to show that either the trustee, the beneficiary or any one else obtained his signature to the deed by fraud, deceit or misrepresentation, and fraud is certainly never conjectured. The aver-

ment that complainant's signature to the deed was procured by the "fraud and deceit" of Peterson is in the nature of an opinion unsupported by any facts, and the statement of mere matters of opinion unsupported by specific facts sufficient to show that the opinion is well founded is insufficient. Where fraud is relied upon as a ground for relief the facts claimed to constitute that fraud must be averred.

"In pleading fraud either at law or in equity, it is a well settled rule that the facts must be stated in the declaration or petition, not conclusions." 20 Cyc. 96.

The mere use of the words "falsely" and "fraudulently" accomplish nothing unless they set forth the facts to which they are applied. *Darling v. Hines,* 32 N. E. (Ind.) 109.

"A bill seeking relief on the ground of fraud must distinctly state the specific facts and circumstances constituting the fraud." 16 Cyc. 231.

And the facts so stated must be sufficient in themselves to show that the conduct complained of was fraudulent. *Chapman v. Chapman,* 13 R. I. 680. General charges of fraud or that acts were fraudulently committed are of no avail unaccompanied by statements of specific acts amounting to fraud. *McHan v. Ordway,* 76 Ala. 347.

"Pleadings should set forth facts, and not merely the opinion of parties, and must be construed most strongly against the pleader." *Snow v. Halstead,* 1 Cal. 359.

"A pleading averring fraud in general terms merely as a conclusion * * * is clearly bad." *Anderson Trans. Co. v. Fuller,* 73 Ill. App. 48.

"Whoever sets up fraud as a cause of action must do more than allege fraud in general terms. He must set out the specific facts in which the fraud consists." *Kerr v. Steman,* 72 Ia. 241.

"A general allegation in a pleading that a sealed instrument was obtained by fraud is not sufficient. The fraud must be set out." *Connor, Adm'r. v. The Dundee Chemical Works,* 50 N. J. L. 257.

"A bare allegation of fraud, unsupported by facts, is worthless, being a mere conclusion of law." *King* v. *Murphy,* 151 N. Y. S. 476; *Beaman* v. *Ward,* 132 N. C. 68.

We are of the opinion that this ground of demurrer was also properly sustained.

The decree appealed from is affirmed.

*J. Lightfoot* for petitioner.

*Robertson & Olson* for respondents.