## THACKER *v.* THACKER.

No. 6597. JANUARY 19, 1929.

*M. B. Eubanks,* for plaintiff in error. *Porter & Mebane,* contra.

BECK, P. J. Mrs. Mattie Thacker brought her petition against DeWitt Thacker, for divorce and perament and temporary alimony. On August 15, 1927, several days before the petition was filed, the defendant acknowledged service in the following language: "Service of copy of the within petition acknowledged. All other and further notice and service waived." At that time no process had been issued, nor had the petition been presented to the court, nor had any rule been issued calling on the defendant to show cause why he should not pay alimony. There was no further service upon the defendant. On the same day and at the same time at which the acknowledgment of service was made, the defendant entered into a written contract with the plaintiff, containing, among others, an agreement to pay the plaintiff $25 for

attorney's fees and the sum of $25 a month as temporary alimony for the use and benefit of the child, Bettye Catherine Thacker, such payments to begin on August 1, 1927, and on the first of each month thereafter until a final divorce should be granted. On the day upon which the petition was filed the following order was entered and signed by the judge of the superior court: "The above and foregoing agreement having been submitted to me, after consideration of the same it is approved by and made the judgment of the court. This the 5th day of September, 1927."

The defendant failed to pay alimony as ordered; and upon proceedings instituted by Mrs. Thacker, he was cited to appear and show cause why he should not be adjudged in contempt of court for a failure to obey an order of the court requiring him to pay temporary alimony. At the hearing evidence was submitted to show a failure to pay alimony in accordance with the order; and the judge ordered that the respondent be adjudged in contempt of court, and "that the sheriff take said respondent in custody and hold him in jail until he shall have purged himself of said contempt, which he may do by paying all sums that may be due as alimony, and all costs that may have accrued on this rule." The defendant sued out a writ of error.

There was evidence showing that the respondent had not paid alimony in obedience to the order of the court requiring him to do so; and evidence was introduced by the defendant, showing the reasons for his failure. But it is not necessary for us to consider whether the evidence was such as to require a finding that the defendant was unable to comply with the order; for, under the view we take of the legal question raised as to the validity of the judgment requiring the defendant to pay alimony, that order and judgment is void. The application for alimony was contained in the suit for divorce and alimony, and there was never any service of process in that suit upon the defendant, and no rule nisi had been issued setting a time for the hearing of the application and calling upon the defendant to show cause, etc. Under these circumstances the court was without jurisdiction to render a judgment against the defendant in the suit for divorce and alimony. It is settled doctrine that "where no process is attached to the petition, and process is not waived by the defendant, service of the petition upon him does not give the court jurisdiction to render a judgment

against him." *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959 (42 S. E. 266), and cit. See also *Seisel* v. *Wells,* 99 *Ga.* 159 (25 S. E. 266). The acknowledgment of service upon the petition and a waiver of all further service did not amount to a waiver of process. If process had issued prior to that acknowledgment of service, the acknowledgment and waiver would have given the court jurisdiction; but as the matter stood at the time the judgment was rendered, the court was without jurisdiction to render the judgment which is the basis of the contempt proceedings. Consequently, in failing to pay alimony according to the terms of his agreement, the respondent had not violated any valid order of the court, and could not be treated as in contempt of court. The breach of the contract with his wife for the payment of alimony might render him liable in a suit for the breach of that contract, but did not amount to a contempt of court. It was therefore error for the court to adjudge the respondent in contempt.

*Judgment reversed. All the Justices concur.*