## HENRY & COMPANY v. JOHNSON.

BELL, J. 1. A party may waive process, service of process, and the time of filing with respect to a suit against him (Civil Code of 1910, § 5561, 5562; *American Grocery Co.* v. *Kennedy*, 100 *Ga.* 462 (2), 28 S. E. 241); and such waiver, being a different matter from a confession of judgment, may be executed before the commencement of the action. As to confessions of judgment, see *Information Buying Co.* v. *Miller*, 173 *Ga.* 786 (161 S. E. 617); *Thomas* v. *Bloodworth*, 44 *Ga. App.* 44 (3) (160 S. E. 709); 34 C. J. 97, 103.

2. But unless the waiver or acknowledgment has reference to some particular action intended to be instituted in some particular court, it is void for uncertainty, if not against public policy as tending to use the court as a means of oppression and denying to the defendant any fair opportunity to be heard. Bowers on Process and Service, 359, § 246.

3. In *Hill* v. *Hatcher*, 53 *Ga.* 291, the acknowledgment of service was executed on a "separate piece of paper" on October 31, 1865, and was attached to the petition filed in office on January 2, 1866; but "it was proved that the acknowledgment was intended for this suit" (cf. *James* v. *Edward Thompson Co.*, 17 *Ga. App.* 578, 87 S. E. 842); and in *Steadman* v. *Simmons*, 39 *Ga.* 591 (3), *Weslow* v. *Peavy*, 51 *Ga.* 210, and *Langford* v. *Driver*, 70 *Ga.* 588 (4), the waiver or acknowledgment was entered upon a complaint already drawn as a definitely intended suit.

4. In *Weslow* v. *Peary*, supra, it was stated that "perhaps the proper rule should be that [the suit] should be filed in the office, so that judgment could be rendered or a trial had at the regular judgment term after the waiver is made." Whether or not the rule should not be even further limited, it will not be so extended as to cover the facts of this case. See Civil Code (1910), § 4266.

5. A written instrument signed on February 19, 1929, and purporting to "waive process, copy of process, copy of petition, also term and time," was attached to a petition filed in the municipal court of Atlanta on February 19, 1930, in which petition the plaintiff sought to recover as for a conversion of wages assigned by the defendant on October 19, 1929. In the assignment it was stated that "this is an original transaction, and is not a renewal." Judgment was rendered in favor of the plaintiff in January, 1932. *Held:*

(*a*) The waiver could not have had reference to the particular suit to which it was thereafter attached, since the cause of action sued on was not in existence at the time the waiver was executed.

(*b*) Nor could the waiver in question be treated as applying to a suit not commenced in the municipal court until the expiration of twelve months, during which time twelve monthly terms had intervened. Ga. L. 1925, p. 370, § 36.

(*c*) There being no service and no valid waiver of service, the judgment was void.

(*d*) Nothing to the contrary was held in *Grady* v. *Information Buying Co.*, 168 *Ga.* 175 (147 S. E. 558). See also *Croom* v. *Bennett*, 168 *Ga.* 178 (147 S. E. 560).

6. A court of equity has jurisdiction to cancel and set aside a void judg-

ment rendered by another court (*Crane* v. *Barry*, 47 *Ga.* 476 (2); *Jordan* v. *Callaway*, 138 *Ga.* 209 (3), 75 S. E. 101; *Crowley* v. *Calhoun*, 161 *Ga.* 354, 130 S. E. 563); and in a suit to cancel a void judgment the plaintiff may in a proper case obtain additional equitable relief, such as injunction, against the prosecution of garnishment proceedings based upon such judgment. Civil Code (1910), § 4522.

7. Upon application of the foregoing rulings, the petition stated a cause of action for cancellation of the judgment of the municipal court, and for injunction to prevent the prosecution of garnishment proceedings based thereon. The court did not err in overruling the general demurrer. *Judgment affirmed. All the Justices concur.*

No. 9714. FEBRUARY 20, 1933.

*R. R. Jackson* and *C. E. Moore*, for plaintiffs in error.
*Morris Macks* and *V. K. Meador*, contra.