JONES *v.* JONES.

No. 18244.   Argued June 9, 1953—Decided July 13, 1953.

862

*Hubert C. Morgan,* for plaintiff in error.

*William Hall, Barrett & Hayes,* contra.

DUCKWORTH, Chief Justice. The major question for decision here is whether or not the acknowledgment of receipt of copy of the petition and waiver of all further service, dated August 13, 1952, constituted a waiver of service of the process which was issued by the clerk and attached to the petition when it was filed on August 16, 1952. On this question two decisions of this court, to wit, *Thacker* v. *Thacker,* 167 *Ga.* 706 (146 S. E. 457), and *Fowler* v. *Fowler,* 206 *Ga.* 542 (57 S. E. 2d, 593), both having the concurrence of all the Justices, are in irreconcilable conflict, the former holding that such waiver did not give the court jurisdiction to render judgment in the case, and the latter holding to the contrary. The conflict in those two decisions is apparently the reason why the instant case arose. We have been requested by counsel for the defendant in error to review and overrule the decision in the *Thacker* case, as the acknowledgment of receipt of copy and waiver of service was in all material respects the same in the two cases above cited and in the instant case. With the opposing parties relying upon the two decisions above, and the position of each finding support in the case relied upon, it is essential that this court meet that issue, perform its duty, and decide now which of those cases is sound and will be allowed to stand. We will not knowingly allow this conflict in our decisions any longer to exist. We therefore accede to the request and review the decision in *Thacker* v. *Thacker,* 167 *Ga.* 706, supra.

The law requires service not simply for form or as a snare to trap litigants or to prevent an adjudication of a legal controversy, but its sole purpose is to put the defendant on notice that he is being sued and afford him ample opportunity to be heard on any defense that he may wish to make thereto. It is a right conferred upon a defendant for his own benefit and protection and he is free to waive it if he so chooses. Code, § 81-211. He may waive service before the petition is filed, provided

only that such waiver clearly identifies the suit to which it refers. *Steadman* v. *Simmons,* 39 *Ga.* 591; *Weslow* v. *J. Peavy & Bros.,* 51 *Ga.* 210; *Langford* v. *Driver,* 70 *Ga.* 588; *Henry & Co.* v. *Johnson,* 178 *Ga.* 541 (173 S. E. 659). The bare petition with no process or rule nisi, when process is not waived, is not a suit upon which an adjudication will be made by the courts of this State. Code (Ann. Supp.), § 81-201 (Ga. L. 1946, pp. 761, 768.). Every defendant when signing a waiver of service is charged with knowledge of this law. He therefore knows that such petition, as described above, is not a suit and that there is no provision of law for filing or serving such in the absence of waiver and, hence, no reason whatever for a defendant to enter thereon a waiver of service; but, since the petition prays for process and the defendant knows that the law makes it mandatory that the clerk attach thereto a process, a signed entry of waiver of service thereon is a plain expression of intent to waive service of the process when issued. Beyond any wild speculative theory, it is perfectly obvious that in executing the waiver of service the defendant expects and intends that it shall be thereafter filed and that process issue as therein prayed and be attached thereto, for it is only when this has been done that service or waiver of service is required by law or would have any purpose whatever, and the waiver is intended for no purpose except as the legal substitute for service when, under the law, service would be required in the absence of such waiver. Courts are not too naive to perceive that the sole purpose of waiver of service is to avoid formal service, and they should unhesitatingly hold that, when a defendant executes such waiver of service, he is thereby precluded from thereafter complaining because of the absence of service. Courts are too busy and the business of courts is too important and serious to tolerate any trifling with the courts by a repudiation of voluntary acts that are essential to jurisdiction to render judgment and by which the opposing parties and the courts were persuaded that service was neither necessary nor desired.

We believe that the decision in the *Thacker* case was erroneously arrived at by a failure to consider the foregoing reasoning, as well as a misconception of the factual case there decided and the question of law upon which the case turned. We find on

page 707 of that decision the following words: "there was never any service of process in that suit upon the defendant, and no rule nisi had been issued setting a time for the hearing of the application and calling upon the defendant to show cause." Of course, there was no service of process for the simple reason that a signed waiver of service was entered upon the petition and, as to the defendant's having notice of the time for the hearing, his waiver is a plain disclaimer of any desire for notice beyond that which he could have obtained for himself. It is further said on the same page of that opinion that, "where no process is attached to the petition, and process is not waived by the defendant, service of the petition upon him does not give the court jurisdiction to render a judgment against him." Supporting this ruling, which is undoubtedly sound, the opinion cites *Seisel* v. *Wells,* 99 *Ga.* 159 (25 S. E. 266), and *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959 (42 S. E. 266). Undoubtedly service of a petition to which no process is attached where process had not been waived, as distinguished from the waiver of all further service, is not service of process and would not give the court jurisdiction to render judgment therein. Such a petition has no standing in law. It is wholly without legal meaning and could never constitute the basis for judgment of a court. There is a material and wide distinction between service by an officer where the parties are dealing at arms length, which amounts to service only of the actual documents in hand, and a voluntary waiver of all service, signed by a defendant and entered upon a petition which has not been filed but which prays for process, wherein the relationship of the parties is that of friendly co-operation and the waiver by the defendant is intended to inform the plaintiff that service will be unnecessary, and in reliance upon which the plaintiff proceeded without requiring service. Then on page 708 of that opinion it is said, "The acknowledgment of service upon the petition and a waiver of all further service did not amount to a waiver of process." The language just quoted reveals a misconception of the court as to the question there presented. That question was whether or not the waiver dispensed with the necessity of serving the process that issued and was attached to the petition. It was not as the court apparently erroneously conceived whether or not the waiver of service constituted a

waiver of the issuance of process. Indeed there was no occasion for considering the question as to whether or not process had been waived because process issued and was attached and there was no need of or excuse for a waiver of process. We believe that we have demonstrated that the acknowledgment of receipt of copy and waiver of all further service in that case was a waiver of service of process and that the decision is erroneous and should therefore be overruled. Accordingly, we expressly overrule that decision and hold that such waiver of service was a waiver of service of process that thereafter issued and was attached to the petition upon which the waiver was entered. As applied to the present case, the above ruling requires an affirmance of the judgment. *Fowler* v. *Fowler,* 206 *Ga.* 542, supra.

■ Moreover, there is an additional reason why that judgment should be affirmed. The record shows that the defendant in the divorce case signed a waiver of service, executed with the plaintiff an agreement as to alimony and custody, and requested therein that the agreement be made the judgment of the court, and she also consented to the case being tried at the appearance term. By an appearance and pleading all irregularities in the process or process itself are waived. Code, § 81-209. The conduct of the defendant as above outlined was the equivalent of an appearance and pleading. If she was not submitting to the jurisdiction of the court and consenting that it render judgment, she should not have waived service, agreed to the provisions of the judgment and consented to a trial at the appearance term. By such conduct she procured or assisted in procuring the judgment rendered therein. "No litigant will be heard to complain of an order or judgment of the court which he procures or assists in procuring." *Don* v. *Don,* 162 *Ga.* 240 (133 S. E. 242).

For all the foregoing reasons the judgment excepted to must be affirmed.

*Judgment affirmed. All the Justices concur.*