JONI GRETA RAPOZO JOAQUIN, Plaintiff-Appellant, *v.*
CLYDE BROCKY JOAQUIN, Defendant-Appellee

NO. 9921

(FC-D NO. 10100)

MARCH 11, 1985

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Plaintiff Joni Greta Rapozo Joaquin (Wife) appeals the family court's (1) January 11, 1983 order setting aside (a) all of its June 15, 1981 decree except the award of the divorce and the child custody and (b) the July 1, 1981 deed of the residence at Naupaka Street, Honokaa, Hawaii, from defendant Clyde Brocky Joaquin (Husband) to Wife and (2) its January 27, 1984 order entering a new decision. The issue is whether the family court abused its discretion in giving Husband relief under Rule 60(b), Hawaii Family Court Rules (HFCR) (1977). We answer yes and reverse and remand with directions.

Husband and Wife were married in Hilo, Hawaii on February 14, 1980. A son was born on October 14, 1980. Just prior to his marriage to Wife, Husband divorced his first wife (Prior Wife). In their divorce settlement, Husband and Prior Wife agreed to share equally the equity of their residence on Naupaka Street, Honokaa, Hawaii, and Husband agreed to purchase Prior Wife's share. Husband accomplished the purchase by assuming and paying some of Prior Wife's debts. An undetermined amount of Husband's payments on Prior Wife's debts came from income received by Husband and Wife during their marriage and from a $6,000 loan from Wife's grandmother. However, Wife's name was not placed on the title. According to Wife's asset and debt statement dated April 5, 1983, the gross value of the residence was then $57,000.00, subject to a mortgage debt of $23,787.58.

On May 19, 1981 Husband and Wife entered into an "Agreement in Contemplation of Divorce" (Agreement) drafted by Wife's counsel. Both parties' signatures were notarized as being his and

her "free act and deed." The notary testified that before he notarized the Agreement, he asked Husband if he had read and understood the document and Husband said he did.

By its terms, the Agreement was effective only upon its approval by the judge in the divorce proceedings. It awarded custody of the child to Wife; required Husband to pay to Wife child support of $150 per month and spousal support of $150 per month; awarded Wife the Naupaka Street residence, all household goods and furniture, and the 1978 Toyota sedan; awarded Husband the 1981 Ford pickup; required Wife to pay the debts at Honokaa Federal Credit Union and Bank of Hawaii Visa; and required Husband to pay all other debts of the marriage.

The Agreement provides in relevant part:

> The parties were married in Hilo, State of Hawaii, on or about February 14, 1980, and there has been issue of their marriage, to wit, BROCKY A. R. JOAQUIN. In consequences of disputes and irreconcilable differences, it has been determined by the parties that it is impossible for them to live happily in a married state and that their marriage is irretrievably broken. As such, the parties have agreed that they should be divorced and that the Wife should initiate the action for divorce. In anticipation of their divorce, and to settle their respective marital rights and obligations in an amicable manner, the parties have determined, as between themselves, the terms of their divorce.

\* \* \* \* \*

> 1. *Effective Date.* This agreement shall become binding upon the parties and their respective legal representatives, successors and assigns, immediately upon the granting of an absolute decree of divorce to the Wife, provided that the provisions of this agreement are approved by the Court in which the divorce proceeding is instituted. In the absence of the granting of the decree or the approval of the Court the provisions of this agreement shall have no effect. The parties understand and acknowledge that this agreement is subject to amendment by the Court, and that the Court may modify, delete or add to the terms of this agreement as it sees fit, in which event the parties shall be bound by such amendment, but they shall have the right to appeal therefrom.

9. *Voluntary Execution.* Each party acknowledges that this agreement has been entered into of his or her own volition, with full knowledge of the facts and full information as to the legal rights and liabilities of each, and that each believes the agreement to be reasonable under the circumstances.

At the time Husband signed the Agreement, he also signed an unconditional Third Circuit Family Court 6/72 Form, "Appearance and Waiver." Husband's signature was witnessed by the notary. In relevant part the Appearance and Waiver provides: "I understand that I am not required to sign this paper and that by doing so I am permitting the Court without opposition from me to grant the relief prayed for in the Complaint."

Wife signed a complaint for divorce and other relief on May 20, 1981 and filed it on May 22, 1981.

An uncontested hearing took place on May 29, 1981. Husband did not appear in person and was not represented. On June 15, 1981 the family court filed a Decree Granting Absolute Divorce and Awarding Child Custody signed by Judge Robert T. Ito. It incorporated the Agreement without amendment or qualification. The Agreement thereupon lost its independent existence and merged into the decree. *Jendrusch v. Jendrusch,* 1 Haw. App. 605, 623 P.2d 893 (1981); *Wallace v. Wallace,* 1 Haw. App. 315, 619 P.2d 511 (1980).

On July 1, 1981 Husband signed a warranty deed of the Naupaka Street residence to Wife and his signature was notarized. It was recorded in the Bureau of Conveyances on July 30, 1981.

On May 11, 1982 Husband filed a "Motion for Relief from Decree or Order" in which he asked for relief from the June 15, 1981 decree based on Rules 60(b)(1), (3), (4), and (6), HFCR.[1]

---

[1] Rules 60(b)(1), (3), (4), and (6), HFCR (1977) provide in relevant part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the decree is void; * * * or (6) any other reason justifying relief from the operation of the decree. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the decree, order, or proceeding was entered or taken.

On January 11, 1983 the family court filed its formal findings of fact.[2] In relevant part they are as follows:

On May 19, 1981, Defendant signed an Agreement in Comtemplation [sic] of Divorce (here in after [sic] "agreement"), understanding it to be his "divorce papers". He did not know what the agreement was specifically.

Although he had an opportunity to read the agreement, he did not, and although he could have engaged counsel, he did not.

Defendant understood the "divorce papers" or agreement he signed to relate simply to the dissolution of the marital bond with Plaintiff and nothing more. Defendant believed that after signing the "divorce papers" he could marry.

\* \* \* \* \*

The Defendant signed an Appearance and Waiver at the same time he signed the agreement. He did not read the Appearance and Waiver before he signed it.

The Appearance and Waiver were [sic] signed before action was filed. Defendant knew of the "divorce action" even though he had not been served with the complaint. Defendant cannot complain of this defect since he relied on the validity of the "divorce" to get remarried.

Plaintiff's counsel drafted the agreement based on the information given and desires expressed by Plaintiff.

There was no bargaining, in the usual sense of the term in arriving at the provisions of the agreement. Defendant acted without deliberation and without advice in signing the agreement.

---

[2] The trial judge's findings on the ultimate issue of guilt can be in one of two forms:
1. The trial judge may find guilt without entering special findings of fact. Such a finding is a finding that the prosecution has proved beyond a reasonable doubt every element of the crime charged. *State v. Lima,* 64 Haw. 470, 643 P.2d 536 (1982); or
2. The trial judge may find guilt and make special findings as requested by the parties under Rule 23(c), Hawaii Rules of Penal Procedure (1981).
Here, form 1 was used.

The terms of the agreement were egregiously unfair and unconscionable.

The deed to the house and lot were executed by Defendant pursuant to the Decree of Divorce.

and ordered, inter alia, as follows:

THEREFORE IT IS HEREBY ORDERED AND DE-CREED that the:

Decree Granting Absolute Divorce and Awarding Child Custody is hereby set aside and vacated except as to the matters of the dissolution of the bonds of matrimony and the award of custody of the minor child of the parties.

On January 28, 1983 Wife filed a notice of appeal. On December 15, 1983 the supreme court dismissed the appeal for lack of a final order.

On January 27, 1984 the family court ordered into effect its June 13, 1983 "Decision Regarding Property Division, Debt Allocation and Child Support." The decision did not require Husband to pay any spousal support. It required Husband to pay child support of $100 per month, to maintain medical insurance coverage for the child, and to pay $1,000 for Wife's attorney's fees. It required Wife to pay the $6,000 debt to her grandmother. It required the Naupaka Street residence to be sold and the net proceeds to be distributed 60% to Wife and 40% to Husband.

Wife appealed.

I.

### RULE 60(b)(3), HAWAII FAMILY COURT RULES

Since the family court did not find any fraud, misrepresentation, or misconduct on Wife's part, relief could not have been granted under Rule 60(b)(3), HFCR. Ordinarily, we would remand for entry of findings on these issues. *See* Rule 52(a), HFCR. Here, however, the record is devoid of substantial evidence in support of Husband's allegations of Wife's fraud, misrepresentation, or misconduct. On the contrary, the evidence is that Husband agreed to sign the Agreement and to allow Wife to obtain the uncontested divorce because he was eager to marry someone else and because

Wife had custody of the child. Consequently, any findings of Wife's fraud, misrepresentation, or misconduct would be clearly erroneous, *Waugh v. University of Hawaii,* 63 Haw. 117, 133, 621 P.2d 957, 969 (1980). Therefore, the family court's failure to make findings on those issues is harmless error and a remand is not necessary. *See* 9 Wright & Miller, Federal Practice and Procedure: *Civil* § 2577 (1971).

## II.

### RULE 60(b)(4), HAWAII FAMILY COURT RULES

A decree is void only if the court rendering it lacked jurisdiction over the subject matter or the parties or if it acted in a manner inconsistent with due process of law. 78 Moore's Federal Practice ¶ 60.25[2] (1983); 11 Wright & Miller, Federal Practice and Procedure: *Civil* § 2862 (1973).

The family court had subject matter jurisdiction to enter its June 15, 1981 decree. It did not need *in personam* jurisdiction over the Husband in order to award Wife a divorce. 24 Am. Jur. 2d *Divorce and Separation* §§ 237, 314 (1983). The issue is whether it had *in personam* jurisdiction over Husband so as to allow the court to order Husband to pay spousal support and child support and to convey his residence to Wife.

Hawaii Revised Statutes § 580-3(a) (1976) provides in relevant part as follows:

> The complaint for annulment, divorce, or separation, and the summons shall be served by an authorized process server on the defendant personally if he is within the State, unless he enters an appearance in the case[.]

Here, Husband's Appearance and Waiver was filed in the case. However, Husband challenges the validity and efficacy of his Appearance and Waiver on two grounds. We reject both.

First, Husband argues that since he did not read the Appearance and Waiver before he signed it, and thus did not know what it was, it was not a knowing and intentional appearance or waiver. *See* 28 Am. Jur. 2d *Estoppel and Waiver* § 154 (1966). We disagree.

A written appearance and waiver valid on its face is valid and enforceable unless the party who signed it has grounds to avoid it.

*See* 37 Am. Jur. 2d *Fraud and Deceit* § 268 (1968); 17 Am. Jur. 2d *Contracts* § 21 (1964). A unilateral mistake by the party who signed an appearance and waiver as to its nature and effect does not invalidate the appearance and waiver when the mistake is not excusable, *see* 54 Am. Jur. 2d *Mistake, Accident or Surprise* §§ 16, 22 (1971); 27 Am. Jur. 2d *Equity* § 34 (1966); 17 Am. Jur. 2d *Contracts* § 149 (1964), or in the absence of the other party's fraud or inequitable conduct. *See* 54 Am. Jur. 2d *Mistake, Accident or Surprise* § 16 (1971); 37 Am. Jur. 2d *Fraud and Deceit* § 269 (1968); 27 Am. Jur. 2d *Equity* § 33 (1966); 17 Am. Jur. 2d *Contracts* § 146, 149 (1964). A mistake as to the nature and effect of a document caused by a failure to read it is not an excusable mistake. *Nawahie v. Peterson,* 24 Haw. 558, 563 (1918).

Second, Husband argues that the Appearance and Waiver is invalid because he signed it three days before the complaint was filed. Rule 8(g), HFCR, in effect on May 11, 1982[3] reads:

> Appearance and Waiver. Any defendant named in a complaint or respondent to any motion may execute a form of appearance and waiver of notice or further notice of hearing on the complaint or motion at any time on or after the date of the complaint or motion[.]

Unquestionably, the Appearance and Waiver was not sanctioned by Rule 8(g). The question is whether that lack of sanction invalidates the Appearance and Waiver. We hold that it does not. Rule 8(g) is a statement of proper procedure. It is not a statement that an appearance and waiver executed under other circumstances is invalid. Here, the Appearance and Waiver and the Agreement in Contemplation of Divorce were signed at the same time. Under those circumstances, the fact that Husband signed his Appearance and Waiver before Wife filed her complaint has no invalidating consequence. *See Green v. Green,* 77 Ariz. 219, 269 P.2d 718 (1954); *Jones v. Jones,* 209 Ga. 861, 76 S.E.2d 801 (1953); *Jacobs*

---

[3] The appeal included not only the disallowance of depreciation adjustment issue but also the issues involving (1) the pension expense calculation and (2) the inclusion of undrawn proceeds of special purpose revenue bonds in the rate-making process. *See In re Application of Hawaii Electric Light Co., Inc.,* 67 Haw. ____, 690 P.2d 274 (1984) (hereinafter *In re HELCO*). Hawaiian Electric Company, Inc. (HECO) withdrew these two issues at oral argument.

*v. Ellett,* 108 Utah 162, 158 P.2d 555, Annot., 159 A.L.R. 108 (1945).

## III.

### RULE 60(b)(1), HAWAII FAMILY COURT RULES

Husband argues that relief was proper under Rule 60(b)(1) because of Husband's inadvertence or excusable neglect. His actions, however, were not inadvertent and his neglect was inexcusable. The fact that Husband signed the Agreement and the Appearance and Waiver without reading them is not inadvertence or excusable neglect, *Nawahie v. Peterson, supra,* and is not sufficient .to justify relief under Rule 60(b)(1). "[A] party cannot have relief under 60(b)(1) merely because he is unhappy with the judgment. Instead he must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough." 11 Wright & Miller, Federal Practice and Procedure: *Civil* § 2858 at 170 (1973) (footnotes omitted); *see* 7 Moore's Federal Practice § 60.22[2] (1983).

## IV.

### RULE 60(b)(6), HAWAII FAMILY COURT RULES

Husband argues that relief was proper under Rule 60(b)(1) because of Husband's inadvertence or excusable neglect. His actions, of a Rule 60(b)(6) challenge as "any other reason justifying relief from the decree." We conclude that Husband is not entitled to such relief.

Assuming the court has jurisdiction to enter it, a decree entered by consent of the parties is in the nature of a contract approved by the court and cannot be set aside except on grounds adequate to justify the rescission of a contract. *Dowsett v. Cashman,* 2 Haw. App. 77, 625 P.2d 1064 (1981).

A contract is not unconscionable unless it involves "an absence of meaningful choice on the part of one of the parties together with

contract terms [that] are unreasonably favorable to the other party." *City and County of Honolulu v. Midkiff,* 62 Haw. 411, 419, 616 P.2d 213, 218 (1980), *quoting Williams v. Walker-Thomas Furniture Co.,* 350 F.2d 445, 449 (D.C. Cir. 1965) (footnote omitted). Here, Husband had and made a meaningful choice. His subsequent dissatisfaction with the foreseeable consequences of his choice does not cause his contract or the decree to be unconscionable.

### V.

Under the circumstances, we conclude that the trial court abused its discretion in setting aside part of the June 15, 1981 decree and all of the July 1, 1981 deed. We therefore (1) reverse the family court's June 11, 1983 and January 27, 1984 orders and (2) remand this case with directions that Husband's May 11, 1982 motion be denied and the June 15, 1981 decree and the July 1, 1981 deed be reinstated.

Reversed and remanded.

*Katsuya Yamada* on the brief for appellant.

*Christopher J. Roehrig* on the brief for appellee.